WILLIAM H. BLISS, Respondent, v. THE BALTIMORE & OHIO TELEGRAPH COMPANY, Appellant.

St. Louis Court of Appeals, March 27, 1888.

TELEGRAPHIC MESSAGE—PROMPT DELIVERY.—A telegraph company receiving a message for immediate transmission and delivery, is bound to use ordinary care in endeavoring to make such delivery as nearly immediate as practicable; and, upon failure so to do, will be liable to the sender for such actual damages in loss of time, traveling expenses, etc., not exceeding the amount sued for, as he may be found to have sustained in consequence of delayed delivery of the message.

APPEAL from the St. Louis Circuit Court, HON. SHEPARD BARCLAY, Judge.

*Affirmed.*

POLLARD & WERNER, for the appellant:  We insist

that the only damages recoverable in this case, conceding that there was negligence in the delivery of the message, is the amount paid for its transmission, which was twenty cents. *Hadley v. Boxendale*, 9 Exch. 341; 1 Sutherland on Dam. 74; *Fisher v. Goebel*, 40 Mo. 475; *Waters v. Brown*, 44 Mo. 302; *State v. Powell*, 44 Mo. 436; *Sprague v. Telegraph Co.*, 6 Daly, 200.

HOUGH, OVERALL & JUDSON, for the respondent: The instruction given for respondent correctly stated the law as to the measure of damages, and it must be assumed that the court found that these damages were actually sustained in consequence of appellant's admitted negligence. *Sprague v. Telegraph Co.*, 6 Daly, 200. The proper measure of damages is the value of respondent's time and necessary expenses of a useless journey. *Telegraph Co. v. Wenger*, 55 Pa. St. 262; *Squire v. Telegraph Co.*, 98 Mass. 232; *True v. Telegraph Co.*, 60 Me. 1; *Manville v. Telegraph Co.*, 37 Iowa, 220; *Thompson v. Telegraph Co.*, 64 Wis. 531; *Telegraph Co. v. McKibben*, 12 West. Rep. 279.

PEERS, J., delivered the opinion of the court.

This is an action for damages for failure to deliver a message sent by respondent from St. Louis to Chicago. The suit was instituted before a justice of the peace, where judgment was rendered for the plaintiff. The defendant appealed to the circuit court, where the cause was tried by the court sitting as a jury, and resulted in a judgment for the plaintiff, for $24.33, after deducting defendant's counter-claim of $9.08.

In due time a motion for a new trial was filed, and being overruled by the court the defendant appeals to this court, asking a reversal of the judgment of the trial court on the ground of excessive damages.

The facts are as follows: Respondent, on the twenty-second day of April, 1885, wrote on one of the blanks of the appellant company, and delivered to its authorized agent the following message:

"St. Louis, April 22, 1885.
"To Charles Fairchild :
   "Care C., B. & Q. Ry. Co., Chicago, Ill's.
   "Meet you Saturday morning Grand Pacific.
Think consultation desirable.    Answer.
                              "WM. H. BLISS."

On which blank were printed the usual conditions
and reservations on the part of the company, for the
transmitting of which respondent paid the usual fee.
This message was not delivered to Fairchild, to whom it
was addressed, until the twenty-fourth of April, although
he had made inquiry at the C., B. & Q. offices for mes-
sages on both the twenty-third and twenty-fourth of
April.   After Fairchild had made his arrangements to
start to Boston, and after this respondent had left St.
Louis for Chicago, the message was delivered.   When
respondent reached Chicago he found Fairchild gone
and his trip a useless one.   On his return to St. Louis
he sued the appellant for his actual expenses and lost
time, which the circuit court found to aggregate $33.41,
from which was deducted $9.08 which respondent
admitted that he owed the appellant.

The appellant makes the following concessions in
the briefs filed in this court :

"As the question of negligence in the delivery of
the message, being one of fact, must be considered as
settled against appellant by the finding of the circuit
court, no question will be raised upon it here, however
erroneous we may consider it ; and the only points to
which we shall refer are, the message and amount of the
damages."

The fact of negligence on the part of the appellant
is, therefore, conceded, and there is nothing in the bill
of exceptions to show that respondent's account for
expenses and time lost, owing to the non-delivery of the
message, was excessive or even unreasonable.   Indeed
the record shows the testimony for respondent to stand
uncontroverted on the question of amount of damages,

and the judgment of the court to be for a less amount than the testimony on that point proved the respondent to be entitled to.

The only question remaining is, did the court correctly declare the law as to the measure of damages. The first instruction given by the court was as follows :

" The court declares the law to be that the delivery of the message in question, which the defendant company was bound to use ordinary care in endeavoring to make, according to the address given in the message, was an immediate delivery, or as nearly immediate as practicable, upon the day of its date, in view of the recognized purposes of telegraphic communication, and if the court find from the evidence that defendant was guilty of want of ordinary care in failing so to use ordinary care to so deliver the message in question, the plaintiff is entitled to recover such actual damages for loss of time and traveling expenses, not exceeding the sum of sixty-five dollars, less the admitted counter-claim of nine dollars and eight cents, as the court finds he has sustained in consequence of such failure to deliver."

This instruction clearly lays down the law as found in the case of *Sprague v. Telegraph Company*, 6 Daly, 200, which both appellant and respondent cite as authority.    The rule, as above laid down in the instruction under consideration, clearly and correctly declares the law, and we know of no well-considered authority to the contrary.

The damages asked for and recovered by respondent are in no sense speculative, but are the actual damages which the evidence shows he sustained.    *Telegraph Co. v. Wenger*, 55 Pa. 262; *Squire v. Telegraph Co.*, 98 Mass. 232; *Thompson v. Telegraph Co.*, 64 Wis. 531.

It follows that the judgment must be affirmed.    All concur.