## G. W. PARKER, Respondent, v. WESTERN UNION TELEGRAPH COMPANY, Appellant.

### St. Louis Court of Appeals, March 4, 1901.

1. **Telegraph Company:** PENALTY FOR FAILURE TO TRANSMIT MONEY PROMPTLY: DUTY OF COMPANY TO DELIVER MESSAGE. The undertaking of a telegraph company, when it receives a dispatch for transmission, is not only to send it over its wires, but when it arrives at the place of destination, there to write it out and deliver it to the person addressed.

2. ———: ———: STATUTORY CONSTRUCTION: NEGLIGENCE. In the case at bar, the agents of appellant were guilty of negligence, both at Poplar Bluff and at Willow Springs; the one to transmit the dispatch as a rush, day message, the other to promptly deliver, for which negligence the appellant is clearly liable for the penalty prescribed by section 1255, Revised Statutes 1899.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort*, Judge.

AFFIRMED.

*E. R. Lentz* for appellant.

(1)    The petition in this cause does not state facts suffi-
cient to constitute a cause of action.    Connell v. Tel. Co., 108
Mo. 459.    (2)    The court erred in admitting irrelevant, in-
competent and immaterial testimony offered by the plaintiff
upon the trial of this cause.    ·All testimony relating to the non-
delivery of this message was clearly inadmissible.    The penalty
is imposed for failure to transmit the message, and not for fail-
ure to deliver the same.    R. S. 1899, sec. 1255.    Connell v.
Tel. Co., 108 Mo. 459; Dudley v. Tel. Co., 54 Mo. App. 391;
Burnett v. Tel. Co., 39 Mo. App. 599; Brooks v. Tel. Co., 56
Ark. 224.

*Alonzo D. Hight* and *Phillips & Phillips* for respondent.

(1)    The petition in this cause states facts sufficient to
contstitute a cause of action.    In the case of Connell v. Tel. Co.,
108 Mo. 459, Judge BRACE, speaking for the court, says: "Not
in that it failed to receive and transmit said message, but that
'it negligently and carelessly failed to deliver said message, to
the said Matt Connell until the twenty-first day of February,
1900.' "    This averment will be found in plaintiff's petition:
"Plaintiff avers that the defendant did not transmit the said
message, or deliver the same promptly and with impartiality and
in good faith, but negligently and carelessly failed to transmit
said message until 7 o'clock a. m., of November 24, 1899."
The petition was in two counts; the second count predicating
damages for non-delivery of the message, which count was, on
motion of the defendant, stricken out.    Further on in the opin-
ion above, it is said, "the duty imposed upon the defendant was
to receive plaintiff's message at Sedalia, Missouri, and to trans-
mit it over its line to its point of destination, assuming that its

line extended to that point.   It is not charged that defendant did not perform this duty, which it was enjoined by the statute to perform at Sedalia, but failed to perform another duty, that of delivering it to Mat Connell, at Leavenworth, Kansas." The statute provides that messages shall be transmitted promptly. The petition states that it was not transmitted promptly.   (2) The word "transmit" is defined to be, to send a dispatch from one person or place to another.   Cycl. Dic., Vol. 9, p. 4794.

BLAND, P. J.—The suit is to recover the penalty of $200 given by section 1255, R. S. 1899, for the alleged failure of the defendant to transmit a telegraph despatch "promptly and with impartiality and in good faith," which was delivered to it by plaintiff at Poplar Bluff to be transmitted to Willow Springs, Missouri.   The original message filed in the defendant's office at Poplar Bluff, was written on a day blank, but was marked night and is as follows:

"NIGHT.

| RECEIVED. | | | Time filed | | | |
|---|---|---|---|---|---|---|
| No 28 | C P | C Y | 8:21 p. m. | Rush | 12  Paid | 29 Night. |

"Poplar Bluff, Mo., November 23,1899.
"E. R. Newall.
   "City Marshal, Willow Springs, Mo.,
   "Hold party, officer coming with papers, meet him, leaves here at once.
         (Stamp)                              "G. W. Parker."
   The evidence of plaintiff is that he wrote the message in the defendant's office at Poplar Bluff on a day message blank and delivered it to defendant's agent about 8:20 o'clock, p. m., on the twenty-third of November, 1899, had it marked as a "rush" dispatch and paid the charges, forty-three cents.   The message

did not reach Willow Springs until after seven o'clock a. m. of the twenty-fourth of November, and it was not delivered to the addressee until after three o'clock p. m. of that day. On the part of defendant the evidence is that the message was treated by defendant's agents as a night message; that between Poplar Bluff and Willow Springs there were two relay stations; one at St. Louis and one at Springfield, there being no direct line for the transmission of the message; that the message was received at the St. Louis office at 8:28 p. m. on the twenty-third, and from there transmitted, during the night, to Springfield, from which point it was transmitted to Willow Springs at 7:28 o'clock on the following morning; that it was the custom of the defendant not to deliver night messages until the following morning. It was also shown on cross-examination of defendant's witnesses that night messages were transmitted at a less rate than day ones, and that messages marked "rush" took precedence over ordinary messages; that night message blanks were printed in red and day ones in black to distinguish them. The evidence tends to prove that plaintiff paid the day charge for the transmission of his message and wrote it on a day blank.

At the close of plaintiff's evidence the defendant offered an instruction in the nature of a demurrer to the evidence, which the court refused. At the close of all the evidence the court gave the following instruction on behalf of the plaintiff:

"You are instructed that if you believe and find from the evidence that on or about the twenty-third day of November, 1899, at about eight o'clock p. m., the plaintiff, G. W. Parker, delivered a telegram to the agent of the Western Union Telegraph Company, at their office in the city of Poplar Bluff, Missouri, to be transmitted to E. R. Newall, at Willow Springs, Missouri, and that the agent of said defendant company received said telegram, and also the customary charges established by said company for transmitting the same, and that the

defendant company failed to transmit said message over its lines to Willow Springs until seven o'clock a. m., on the twenty-fourth day of November, 1899, then you should find that the defendant failed to transmit said message promptly, fairly, impartially and in good faith, and find for plaintiff in the sum of two hundred dollars.''

To the giving and refusing of instructions defendant saved its exceptions. The jury returned a verdict for plaintiff for $200, upon which a judgment was rendered awarding the entire sum to plaintiff. After unavailing motions for new trial and in arrest, the defendant appealed.

I. The complaint against the instruction given for respondent is that it ignores the evidence of the appellant. The undisputed evidence is that the respondent wrote the dispatch on a day blank, paid day rate for its transmission, and had it marked as a rush message. The agent of appellant, without the knowledge or consent of respondent (as far as the evidence shows), marked the dispatch as a night one, which under the rules of the appellant, would not reach Willow Springs until the following morning. The dispatch bore on its face evidence that the sender wished as prompt and speedy transmissions as possible. No attention was paid to this, and the most dilatory method in its transmission was used instead of the prompt service which was specially requested and paid for by the respondent, and which the statute requires.

The agent of appellant at Poplar Bluff by marking the dispatch as a night one and transmitting it in that form to the relay station in St. Louis, was guilty of negligence and of bad faith, for which the appellant was properly held liable. And while the instruction does not set forth the facts as fully as it might have done, the facts that are set out and the legal conclusion drawn therefrom are warranted by the law and the evidence in the case.

II. ˙ The court, over the objection of appellant, admitted the evidence that the dispatch was not delivered to Newall until three o'clock in the afternoon of the twenty-fourth and assigns as grounds for the objection that the statute does not embrace the duty of delivery.

In Dudley v. Tel. Co., 54 Mo. App. 391, in an opinion by Judge SMITH, it was ruled that failure to transmit a dispatch does not apply to its delivery under section 1255, supra. Judges ELLISON and GILL concurred on the sole ground that they felt themselves bound by the ruling of the Supreme Court in Connell v. Tel. Co., 108 Mo. 459. In the Connell case the dispatch was sent from Sedalia, Missouri, to Leavenworth, Kansas, but was never delivered. Suit was brought by Connell, the sender, under section 1255, supra, to recover the penalty of two hundred dollars. A general demurrer to the petition was sustained in the circuit court. A constitutional question was raised and the cause went to the Supreme Court. That court held that the dispatch, being an interstate one, came within the clause of the Federal Constitution which vests in Congress the exclusive right to regulate commerce among the states, citing Western Union Tel. Co. v. Pendleton, 122 U. S. 347, in support. It was also held that our statute had no extra-territorial force and could not apply to Leavenworth, Kansas, and a failure to deliver at that place was not a violation of the statute. The case is, therefore, not authority for the statement that the duty to deliver does not apply under the statute when the service of transmission is to be wholly performed within the State.

While the statute is a penal one, and for that reason should be strictly construed, that is, it should be so construed as to not bring into it anything against the companies charged with its violation by mere intendment, but only that which falls within its reasonable meaning and within its spirit (State v.

Bryant, 90 Mo. 534), yet the intention of the Legislature should govern its interpretation and a construction given it that will not defeat its purposes and object.     State v. Bishop, 126 Mo. 373; State v. Sibley, 131 Mo. 519; Kansas City v. Lorber, 64 Mo. App. 604; City of St. Joseph v. Elliott, 47 Mo. App. 418.

The evident purpose of the statute is to secure prompt and impartial service by the companies operating telegraph and telephone wires within the State.     That service can not be fully performed without delivery of the dispatch to the sendee. There is no other agency than the companies themselves provided for the delivery of these dispatches, and if the company's duty ends with the reception of a dispatch at its office of destination, how is the sendee to be informed of the arrival of the dispatch that he may call at the office for it?     By what fortuitous circumstances will it reach his hands?     And of what avail is the statute toward securing prompt communication between the sender and sendee?     If the duty to deliver, when the sendee is accessible, is not imposed by the statute, it must fall very far short of the evident purpose of the Legislature to secure prompt communication between persons who apply to and pay these companies for such communication. To "transmit" means to send from one person to another, to communicate. Century Dictionary; Webster's Dictionary; Worcester's Dictionary. This is the ordinary meaning of the word, the sense in which it is most commonly used, and this is the sense we are commanded by section 4160, Revised Statutes 1899, to give it whenever it occurs in a law enacted by the Legislature.     It has always been the custom of these companies to deliver dispatches, when the sendee is accessible, and the law requires that they shall deliver them.     R. S. 1899, sec. 1259; Market v. Tel. Co., 19 Mo. App. 80; Bliss v. Tel. Co., 30 Mo. App. 103.

It can not be that the Legislature, by a statute designed to secure prompt service, and requiring prepayment of charges to secure that service, intended less to be done by the company to complete that service, than is required to be done of a dispatch where prepayment has not been made nor demanded.

In Brashears v. Tel. Co., 45 Mo. App. 433, it was held by this court that delivery of the dispatch was included in the service required by the statute.

In Little Rock & Fort Smith Tel. Co. v. Davis, 41 Ark. 79, in a suit on a statute which imposed a penalty for failure to transmit, it was held that the company was bound to deliver the dispatch and that its duty did not end with merely sending the dispatch over its wires.

The undertaking of a telegraph company, when it receives a dispatch for transmission, is not only to send it over its wires, but when it arrives at the place of destination, there to write it out and deliver it to the person addressed. Gray on Communication by Telegraph, p. 182. Nothing less than this can fill the requirements of the statute.

Newall was in Willow Springs when the dispatch was received there by appellant's agent. It could have been delivered to him early in the morning; it was not delivered until three o'clock p. m. This was negligence. The agents of appellant were guilty of negligence both at Poplar Bluff and at Willow Springs. The one to transmit the dispatch as a rush, day message, the other to promptly deliver, for which negligences the appellant is clearly liable for the penalty prescribed by the statute. Some minor errors were committed on the trial, but they do not affect the merits, and hence, furnish no ground for reversal. R. S. 1899, sec. 865.

In the entry of the judgment, the whole of the penalty was awarded the plaintiff. This was perhaps a mistake of the clerk in making the entry. It is such a mistake, however, as

may be corrected here. The statute gives one-half the penalty to the county for the benefit of the school fund. The clerk of this court will enter a corrected judgment, awarding to the county of Butler one-half of the judgment ($100), for the benefit of the county school fund. With this correction the judgment is affirmed. Judges *Goode* and *Bond* concur as stated in their separate opinions.

### CONCURRING OPINION.

GOODE, J.—I concur in affirming the judgment in this case for the reasons given in paragraph one of Judge BLAND's opinion. I dissent from paragraph two, because I think it is in conflict with the opinion of Connell v. Telegraph Co., 108 Mo. 439. Were the case one of the first impression, I should be willing to adopt the construction of section 1255, Revised Statutes 1899, which Judge BLAND puts on it in said paragraph two, but inasmuch as the section was construed by the Supreme Court of the State in the above-cited case, that construction is binding on this court under the Constitution as the true meaning of the law.

Judge *Bond* concurs with me in this view.