HILL, Respondent, v. WESTERN UNION TELE-
GRAPH COMPANY, Appellant.

St. Louis Court of Appeals, March 29, 1904.

1. **TELEGRAPH COMPANIES: Message: Failure to Transmit.**
In an action against a telegraph company, under section 1255,
Revised Statutes 1899, for failure to transmit and deliver a
message, the petition which charged that the defendant "care-
lessly and negligently failed to transmit" the message, was
sufficient without alleging failure to deliver. (Per Reyburn, J.)

2. **PRACTICE: New Trial.** The granting of a new trial on the
ground that the verdict is against the weight of evidence is
within the discretion of the trial court, and a ruling to that
effect will not be disturbed in absence of evidence that such
discretion has been abused. (Per Reyburn, J.)

3. **TELEGRAPH COMPANIES: Message: Duty to Transmit and
Deliver.** In an action against a telegraph company, under sec-
tion 1255, Revised Statutes 1899, for failure to transmit and
deliver a message, the petition correctly stated the measure of
defendant's duty in alleging that such duty was to transmit
and deliver the message. (Bland, P. J., concurring.)

4. ———: ———: ———: **New Trial.** An order granting plain-
tiff a new trial in that case should stand because the evidence
shows that the message was not transmitted within a reason-
able time. (Bland, P. J., concurring.)

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,*
Judge.

AFFIRMED.

*Dickson, Smith & Dickson* and *E. R. Lentz* for ap-
pellant.

Respondent's cause of action is based upon a failure to transmit and deliver a message and therefore does not fall within section 1255, R. S. 1899, as said statute is penal in its nature and under the construction given it by the supreme and appellate courts of the State there can be a recovery only for failure to transmit a message. Connell v. Telegraph Co., 108 Mo. 459; Rixke v. Telegraph Co., 96 Mo. App. 406; Parker v. Telegraph Co., 87 Mo. App. 533; Wood v. Telegraph Co., 59 Mo. App. 236; Dudley v. Telegraph Co., 54 Mo. App. 391; Manz v. Railway, 87 Mo. 278.

*David W. Hill, pro se,* respondent.

(1) The petition states a cause of action. R. S. 1899, sec. 1255; Parker v. Telegraph Co., 87 Mo. App. 553. (2) It was the statutory duty of the agent of the appellant, at the time application was made to send this message, to plainly inform the applicant of the condition of the wires, messages, etc., and whether or not the message could be or could not be sent as required. R. S. 1899, sec. 1257; Smith v. Telegraph Co., 57 Mo. App. 259. (3) The decision of the court was against the law under the evidence, against the weight of the evidence and was for the wrong party and, therefore, the court committed no error in granting respondent a new trial. Friedman v. Pulitzer Pub. Co., 77 S. W. 340; Sturdivant Bank v. Wilson, 87 Mo. App. 534; Sinclair v. Narragansett, 87 Mo. App. 268.

REYBURN, J.—This appeal is prosecuted from the ruling of the trial court in sustaining plaintiff's motion for new trial in an action for recovery of the penalty imposed by section 1255, R. S. 1899, for failure charged to transmit a telegraphic message. The statement of the cause of action is assailed as defective, as founding the right of recovery not solely upon the failure of transmission, in the language of the statute,

which, being of a penal character, exacts rigid construction, but also counting upon the failure to deliver the telegraphic dispatch. While the language condemned is employed and reiterated in the allegations of the complaint, the omission of the statutory duty is specifically charged in the form and words that defendant "carelessly and negligently failed to transmit said message from its office in the said city of St. Louis to its office in the said city of Poplar Bluff," and bringing the case manifestly within the meaning of the terms of the statute and the spirit and scope of the enactment; the essential allegation being thus made, the unnecessary words respecting actual delivery of the message are redundant and should be rejected or disregarded as surplusage. The grounds moving the court to award a new trial do not distinctly appear, but from the motion therefor, and the trial as portrayed by the record, it may be justly inferred that the trial judge concluded the finding was against the weight of the evidence. This action on his part was plainly within his discretionary powers and in absence of evidence of abuse of such power, of which this record contains no suggestion or suspicion, his ruling should not be disturbed. Stewart v. Todd, 92 Mo. App. 1, and authorities therein cited.

Judgment affirmed. *Bland, P. J.,* and *Goode, J.,* concur.

BLAND, P. J.—I agree that the order of the trial court granting a new trial shall stand, for the reason I think the allegation of the petition, that it was the duy of defendant to transmit and deliver the message, correctly stated the measure of defendant's duty. Parker v. Western Union Tel. Co., 87 Mo. App. 553. And for the further reason that the evidence shows the defendant did not transmit the message within a reasonable time.