TRENNA WILKINSON, Administratrix of the Estate of N. B. WILKINSON, Respondent, v. WESTERN UNION TELEGRAPH COMPANY, Appellant.

Springfield Court of Appeals, March 25, 1921.

1. **TELEGRAPHS AND TELEPHONES: Negligent Delay Held for Jury.** In an action under Revised Statutes, 1919, section 10136, for penalty for delay in delivering a telegram, whether there was a failure of duty on part of defendant in transmitting the message *held* for the jury; there being some evidence of negligent delay.

2. ———: **Sender in Fact of Telegram May Sue for Penalty.** The sender in fact of a telegram is the proper party to sue for the penalty given by Revised Statutes, 1919, section 10136, even though he signs the name of another to the telegram; it being immaterial to the telegraph company who the sender is in such an action.

3. ———: **Penal Statute Strictly Construed.** While Revised Statutes, 1919, section 10136, subjecting telegraph companies to penalties for unreasonable delay in transmitting messages, is penal and should be strictly construed, its life and spirit should not be destroyed thereby.

4. ———: **Judgment for Penalty Should Adjudge One-third to School Fund.** A judgment for plaintiff in an action against a telegraph company for a penalty for a violation of Revised Statutes, 1919, section 10136, should adjudge one-third of the amount to the county public school fund, and should not adjudge the entire penalty to the plaintiff.

Appeal from Howell County Circuit Court.—*Hon E. P. Dorris,* Judge.

AFFIRMED AND REMANDED (*with directions*).

*Francis B. Stark, J. L. Van Wormer* and *Green & Green* for appellant.

(1) This action is based upon penal statute and applied only to such cases as come clearly within its provision and manifest spirit and interest. The statute does not make a telegram company the insurer of the delivery of messages nor does it require it to employ extraordinary care and diligence to transmit and deliver the same, and the rule is that where there is a doubt such a statute ought not to be construed to inflict a penalty which the Legislature may not have intended. Eddington v. Western Union Telegraph Co., 11 Mo. App. 93, 98; Bradshaw v. Telegraph Co., 150 Mo. App. 711; Rixke v. Telegraph Co., 96 Mo. App. 406; Moore v. Western Union Telegraph Co., 164 Mo. App. 165; Taylor v. Telegraph Co., 288. (2) A telegraph company has the right to fix reasonable office hours for the receipt and delivery of messages, and within which its business may be transacted. Taylor v. Telegraph Co., supra. (3) Upon the testimony neither plaintiff or Miss Madrone, were she plaintiff, would be entitled to recover, in this case, as the testimony of negligence is negative and the testimony of non-negligence is positive. Taylor v. Telegraph Co., supra; Rixke v. Telegraph Co., supra. (4) A telegraph company is not liable to the sender for failure to deliver a message unless it is charged with notice of his interest, either from the message or otherwise. 6 Current Law, 1669; Towboat Co. v. Telegraph Co., 52 S. E. 766; Telegraph Co. v. Bell, 90 S. W. 714. (5) That the company owes a duty, incurs a liability to those parties only of whose interest

it has notice and for those which it might reasonably anticipate. The pertinent cases fall into four classes: (1) Those which assert a duty and liability to the undisclosed principle of the sender. Millikin v. Western Union Telegraph Co., 110 N. Y. 403, 19 N. E. 251, 1 L. R. A. 281; Harkness v. Western Union Telegraph Co., 73 Iowa, 190, 34 N. W. 811, 5 Am. St. Rep. 672; Leonard v. Telegraph Company, 41 N. Y. 544, 1 Am. St. Rep. 446; Cashion v. Western Union Telegraph Co., 124 N. C. 459, 32 S. E. 746, 45 L. R. A. 160; Western Union Telegraph Co. v. Morris, 28 C. C. A. 56, 83 Fed. 992; Western Union Telegraph Co. v. Adams, 75 Tex. 531, 12 S. W. 857, 16 Am. St. Rep. 920, L. R. A. 844; Western Union Telegraph Co. v. Brosche, 72 Tex. 654, 10 S. W. 734, 13 Am. St. Rep. 843; Western Union Telegraph Co. v. Church, 90 N. W. 878, 57 L. R. A. 905. (2) Those which recognize a duty and liability to a person who appears on the face of the telegram to be its beneficiary although neither its sender nor the addressee. Western Union Telegraph Co. v. Mellon, 96 Tenn. 66, 33 S. W. 725; Western Union Telegraph Co. v. Adams, 75 Tex. 531, 12 S. W. 857, 16 Am. St. Rep. 920, 6 L. R. A. 844; Telegraph Co. v. McKibben, 114 Ind. 511, 14 N. E. 894. (3) Those which deny any duty or liability to those who do not appear from the message to have any interest in it. McCormick v. Western Union Telegraph Co., 25 C. C. A. 35, 79 Fed. 449, 38 L. R. A. 684; Western Union Telegraph Co. v. Kirkpatrick, 76 Tex. 217, 218, 13 S. W. 70, 18 Am. St. Rep. 37; Western Union Telegraph Co. v. Carter, 85 Tex. 580, 22 S. W. 961, 34 Am. St. Rep. 826; Morrow v. Western Union Telegraph Co., 21 Ky. L. R. 1263, 54 S. W. 853. (4) The decision which denies any liability to the undisclosed principle of the addressee. Lee v. Western Union Telegraph Co., 51 Mo. App. 375.

*John C. Dyott* for respondent.

FARRINGTON, J.—N. B. Wilkinson recovered a judgment for $300 against the defendant under section 3330, Revised Statutes of Missouri, 1909, the same being section 10136, Revised Statutes of 1909. While the cause was pending on appeal in this court he died, and suit was revived in the name of his administratrix.

Appellant assigned several errors. The three propositions submitted here arise under the assignment that the court should have directed a verdict at the close of the trial for the defendant. First, because the plaintiff had not offered any substantial evidence of an unreasonable delay in transmitting and delivering a message. Second, that there was no notice given as was required under the terms printed on the back of the telegram. Third, that N. B. Wilkinson was not a party who could recover in this case even though there was a delay in transmission and delivery on the part of the defendant. We will take these matters up in their order.

As there is a charge that the evidence fails to disclose any failure of duty on the part of the defendant in transmitting and delivering the message, it will be necessary to set out the evidence concerning the transaction. It appears from the record that N. B. Wilkinson was the father of Miss Madrene Wilkinson and also of Mrs. Bonita Fisher, and that on October 26, 1917, Miss Madrene was employed in a store in the city of Springfield, and was living at No. 739 West Elm Street, in said city; that Mrs. Bonita Fisher, who resides in Oklahoma, had been visiting her father, N. B. Wilkinson, who lived at Willow Springs, Mo., and was going back to her home in Oklahoma on a train which brought her to Springfield where she changed cars and continued on to her destination. We find that sometime in the afternoon of October 26, 1917, N. B. Wilkinson sent a telegram to his daughter Madrene at Springfield, informing her that Mrs. Fisher intended to go through Springfield on that evening and that she would arrive on train No. 104, reaching Springfield about 8:30 that

evening. This telegram is not set out in the record and it is not shown by whom it was signed. After sending this telegram, Mrs. Fisher changed her mind and concluded to go on train 102, a later train, which would not reach Springfield until about seven or seven-thirty on the morning of October 27th. In order that Miss Madrene might be advised of the time when her sister would pass through Springfield, the father, N. B. Wilkinson, delivered to the Western Union Telegraph Company's agent in its office at Willow Springs, Missouri, paying the usual charge therefor, the following telegram, and the charge in the petition is that the defendant neglected to use diligence in transmitting and placing said message in the hands of Miss Madrene by the most direct means available promply and with impartiality and in good faith. A copy of the telegram is as follows:

"Willow Springs, Mo., October, 26, 1917.
Miss Madrene Wilkinson,
    739 West Elm Street,
        Springfield, Mo.
Will be there on 102 in the morning.
                                    Bonita Fisher."

This message was not delivered to Miss Madrene until the morning of October 27th, about 9 o'clock. Miss Madrene was expecting her sister, Mrs. Bonita Fisher, to come through Springfield, and without getting this message went to the train and met her. It is shown that the message was deposited in defendant's office at Willow Springs about 8 o'clock P. M., October 26th, and that it was received in the Springfield office between 8 and 9 o'clock that same night. On the showing that the Springfield office was an all night office, maintaining messenger service upon to 12 o'clock midnight, that the addressee's home was within the delivery zone from said office in the city, that the message was received by defendant's office in Springfield between 8 and 9 o'clock in the evening and not delivered until about 9 o'clock

the next morning, would, without more, make a prima-facie case of a violation of the statute.

The defendant's evidence shows that the telegram, when it reached the office in Springfield was placed in the hands of a messenger boy who went to the residence where the addressee lived, that he found the number, knocked on the door and on the floor of the porch and that no one appeared to be at home, and there was no light in the house. It is also shown that later, between 10 and 11 o'clock, the message was again sent out for delivery by another messenger boy and that he found no one at this place to whom he could deliver this message, and that the customary notice was left at the door that a message had been received.

Miss Madrene, the addressee, and other witnesses for plaintiff, testified that it was on Halloween night and that she left the place where she was living between 7 and 8 o'clock in the evening and did not return until, she says, sometime after 11 o'clock that night. There are other witnesses who testified that they were in the house but that they heard no one knock on the door or cause any alarm on the front porch.

Under the evidence as to defendant's conduct, the case comes dangerously near falling within the rule announced in the case of Moore v. Telegraph Company, 164 Mo. App. 165, 148 S. W. 157, which is that the use of ordinary care does not require the telegraph Company to carry a detective force as an adjunct to ferret out an addressee who could not be found by an ordinary messenger pursuing ordinary methods or reasonable diligence. Also, the further rule announced in the case of Taylor v. Telegraph Company, 181 Mo. App. 1. c. 298, 299, 300, 168 S. W. 895; Rubeottom v. Western Union Telegraph Co., 194 Mo. App. 1. c. 240, 186 S. W. 749, which latter two cases announce the rule that although plaintiff had made a prima-facie case in matters of this character, when defendant has come forward with clear and unquestionable testimony, unsurrounded by sus-

picious circumstances or a doubt, showing that the mes-
sengers went out to perfect a delivery thereof, such that
any ordinary person would do, that then plaintiff's
prima-facie case which was made by the mere showing
of a delay disappeared in the light of the facts and de-
stroyed the prima-facie case, without more evidence be-
ing offered to carry the burden of proof which is re-
quired on the part of the plaintiff.

The plaintiff further shows by two witnesses at
least that they were in the house from 9 o'clock P. M.,
on; that their room was very close to the front porch
where the front door was, and they testified that had
any alarm or knocking occurred at the front door they
would have heard it. We cannot say that this is not
some testimony which would tend to cast a doubt on
defendant's witnesses who testified that they did go to
the front door and try to arouse some one. Again, a
witness for the defendant testified that a notice was left
in the door stating that a telegram was at the offce, and
plaintiff's witness testified that no such notice was
found at the door that night or the next morning. Even
though we find the fact to be that the defendant did
undertake to deliver this message, just as its witnesses
testified, we cannot, as a matter of law, say that there
is no testimony from which a jury might draw a con-
trary inference. It, therefore, leaves the case in this
respect one for a jury, there being some evidence from
which the finding as made can be sustained.

The second proposition, that there was no notice
of the claim made, is refuted by an amendment to the
abstract brought here by the respondent in which it is
shown that N. B. Wilkinson demanded an adjustment of
this alleged negligent, unlawful delivery in a letter dat-
ed October 29, 1917.

The last proposition urged by appellant is, that
even admitting that the defendant had violated the sec-
tion of the statute upon which this suit is based, a suit
for such violation could not be brought and maintained

by N. B. Wilkinson, who was the plaintiff in the trial court and whose administratrix is the party here. The statute upon which the suit is based was section 3330, Revised Statutes of 1909, now section 10136, Revised Statutes of 1919, where it is provided that the person or persons sending the dispatch may recover a penalty of $300, two-thirds, in case of recovery, to go to the sender and one-third to go to the County School Fund in which the suit was instituted. This appears to be a new question in Missouri, and little light is thrown on it in the cases cited from other States. The appellant contends that even though N. B. Wilkinson took the message to the telegraph station in Willow Springs, delivered it to the agent there, and himself paid the charges for sending it, he is not the sender within the meaning of the statute, and that he is not a proper party to this proceeding, contending that if any one had the right to enforce this penalty as a plaintiff it was Bonita Fisher, the party whose name was signed to the telegram. This contention, of course, is based upon the general principle of law laid down in many cases in Missouri, that this is a penal statute, and that in order for a recovery to be had thereunder, the party suing to enforce the penalty must bring himself clearly within the terms of the statute, and that nothing appearing from the face of the message to show that N. B. Wilkinson was the sender, and nothing was said by him to the agent to whom he delivered it which would indicate to the company that he was the sender, then for that reason he could not be held to be the sender within the terms of the statute upon which the suit is founded. A number of cases are cited holding that this being a suit for a penalty, the case must be one which brings the facts clearly within the pronouncement of the statute, and that every fact essential to recovery must be affirmatively pleaded and shown by the evidence. [See Bradshaw v. Telegraph Company, 150 Mo. App. 711, 131 S. W. 912; Brockman Commission Co. v. Telegraph Co.,

180 Mo. App. 626, 163 S. W. 920; Eddington v. Western Union Tele. Co., 115 Mo. App. 1. c. 98, 91 S. W. 438; Rubcottom v. Western Union Telegraph. Company, 194 Mo. App. 234, 186 S. W. 749; Rixke v. Western Union Telegraph Co., 96 Mo. App. 406, 70 S. W. 265; Moore v. Telegraph Company, 164 Mo. App. 165, 148 S. W. 157.]

There can be no doubt on reading the testimony of N. B. Wilkinson, which was given in this case, that he was the sender of this message, although from the face of the dispatch or from any information that was transmitted by Wilkinson to the agent at Willow Springs there was nothing to indicate that he was the sender, or was any more than a messenger who had taken this message to the office at Willow Springs for Bonita Fisher, whose name was signed to the dispatch, except it be that he testified that at the time he sent the dispatch he inquired of the agent at Willow Springs whether Springfield was an all night office and that he was informed that it was  Reverting to the testimony of this witness, which stands undisputed in the record, on the question of whether he was in fact the sender, we set out his testimony as it appears in the record before us:

"Q.  Now, I wish you would state to the jury the facts connected with this telegram?  A.  On October 26th, having a daughter, Madrene Wilkinson, at Springfield, Missouri, and another daughter at my home, Bonita Fisher, who intended to go through Springfield on that day, to Bartlesville, Oklahoma, I sent a message sometime in the afternoon to the daughter in Springfield, informing her that the daughter, Bonita Fisher, at my home, would be in Springfield that evening on train 104, which reached Springfield about 8:30 in the evening.

train 104, and decided to go on train 102 next morning

My daughter changed her mind about going on which passed through Willow Springs at that time about four in the morning, and therefore, having sent the pre-

vious telegram that she would be up on 104 in the evening, I decided to send another telegram to her explaining that she was not coming on that train, but would be on train 102 next morning, which reaches Springfield at 7:45 if on time, in the morning. At about 8 o'clock the afternoon of October 26, 1917, I sent the message marked "Exhibit A."

From this testimony which was given by him there can be no question raised about him being the sender of that message which was delayed in delivery.

Appellant has cited no case, either from this State or other jurisdictions, where the question of the right of one occupying N. B. Wilkinson's position to sue under a penalty statute such as we have in Missouri. All of the cases cited by appellant and relied upon are suits for damages growing out of delayed deliveries or failure to deliver, and there the rule in Missouri, as well as elsewhere, appears to be that a telegraph company cannot be held for damages occasioned by a negligent delivery to one concerning which the face of the dispatch is silent and whose interest in the telegram has not been disclosed to the company receiving the dispatch for transmission. The reason for not permitting a recovery in a negligence suit for damages under these circumstances is based upon the broad proposition that the damage to this undisclosed person is not one that could be reasonably anticipated as a necessary or probable loss by the company guilty of the neglect. The only case cited from Missouri on this question by the appellant is that of Lee v. Telegraph Company, 51 Mo. App. 375; where in the course of the opinion, on page 382, it is held that because of the fact that the J. I. Chase Thrashing Machine Company's interest had in no way appeared from the transactions between the parties, there was no duty in regard to diligence owing to said J. I. Chase Thrashing Machine Company. That case was a suit for damages and not a suit for a penalty.

We conceive the purpose of this penalty statute being to require telegraph and other companies named therein to promptly transmit and deliver messages given to them for that purpose under the conditions required in the statute, and that it is of no concern whatever to the company neglecting such duty as to who is the actual party sending it. The anticipation of loss nowhere enters into the question involved under this statute, for the amount is fixed where the company fails to perform the duty required under the statute. If appellant's contention were to be sustained in this case, such holding would bring about a ridiculous situation and that would be this: If Bonita Fisher did not send this message, and so far the testimony in the record is concerned she never heard of the message, then it would be ridiculous to say that because her name was signed to it she was in fact the sender. Again, appellant's contention, if followed, would lead to a holding that although her father was the party who wrote out the message, delivered it to the agent of the defendant, paid for it and sent the message, as his testimony shows he did, there could be no recovery because the knowledge of his relation to the message was not disclosed to the defendant, although it had violated its duty under this statute. We are unwilling to go on record supporting such a theory, and prefer to hold that where it is shown that a defendant, such as the one in this case, had violated the section of the statute upon which this suit is based, that a suit brought by a sender in fact, whether that information was disclosed to the defendant at the time of receiving the message or not, is the proper party to sue for the penalty. This leads to an overruling of appellant's contention in this regard.

As was held in the case of Commission Company v. Telegraph Company, 180 Mo. App. 626, 163 S. W. 920, that while this statute, although penal, should be strictly construed, its life and spirit should not be destroyed thereby. To deny N. B. Wilkinson's right to recover under this statute, even though his testimony which we have quoted is uncontradicted, clearly shows that he was in fact the sender, merely because he signed his daughter's

name to the telegram which he sent, would in our opinion take the life and spirit out of the statute under consideration.

There is an error appearing on the face of the record proper, which, while our attention was not directed to it in the briefs or oral argument, is one we must notice, and that is that the entire amount of the judgment of $300 was adjudged to the plaintiff. The statute clearly provides that one-third of this amount should have been adjudged to the Howell County public school fund. The judgment is, therefore, affirmed and the cause remanded to the trial court with directions to amend the judgment in this respect in accordance with the statute. In doing this, we are following these decisions: Kendall v. Western Telegraph Company, 65 Mo. App. l. c. 196, 197; Smith v. Western Union Telegraph Company, 57 Mo. App. 259; Parker v. Western Union Telegraph Company, 87 Mo. App. 553. It is so ordered.

*Cox, P. J.,* and *Bradley, J.,* concur.