CONNELL, *Plaintiff in Error*, v. THE WESTERN UNION TELEGRAPH COMPANY.

IN BANC.

108  459
54a 397
54a 446
108  459
59a 238
59a 242
108  459
144  555
108  459
87a 558
87a 561
108  459
96a ³411

1.  **Penal Statutes, Construction of.** A penal statute must be so construed that no case will fall within it which is not included within the reasonable meaning of its terms and within the spirit and scope of its enactment.

2.  ———: EXTRA TERRITORIAL FORCE. Such statute can have no extra territorial force, nor will it be presumed that the legislature so intended.

3.  **Telegraph Companies:** STATUTE. Under Revised Statutes, 1889, section 2725, relating to telegraph companies, the latter are not liable for a negligent failure to deliver a message to a person in another state but only for failure to receive and transmit it.

4.  ———: ———: CONSTITUTION. Such statute is not violative of the provision of the constitution of the United States, giving congress power to regulate commerce between the states.

*Error to Pettis Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*W. S. Shirk* for plaintiff in error.

*C. L. Yeater* for defendant in error.

(1) An act which is penal by law is rendered so solely because the law of the place of its commission so

provides, and such law has no force beyond the territorial jurisdiction of the political power making it. The sending of this message contemplated the doing of acts beyond the jurisdiction of Missouri, and, hence, the failure to do such acts cannot be penal under the Statutes of Missouri. Sedgwick on Construction of Statutes & Constitutional Law [2 Ed.] p. 64; Endlich on the Interpretation of Statutes, sec. 169; Rorer on Inter-State Law, pp. 149, 152; Story's Conflict of Laws, secs. 18, 20; Hutchison on Carriers [2 Ed.] sec. 789*a*. (2) The business of transmitting telegraphic dispatches from a point in one state to a point in another state is, under the third clause of section 8, article 1, of the constitution of United States, commerce among the states. *Tel. Co. v. Texas*, 105 U. S. 460; *Tel. Co. v. Tel. Co.*, 96 U. S. 1; cases *post*. (3) The business of inter-state telegraphy is national in its nature, and admits only of one uniform system of regulation, and, therefore, the power of congress to regulate it is exclusive, and its omission to regulate that power is paramount to a declaration that it shall be free from regulation by the states. To hold that the penalty provided by section 2725, Revised Statutes, 1889, is applicable to the inter-state message in question would place a construction upon the statute which would bring it in conflict with the inter-state commerce clause of the constitution of the United States. *Tel. Co. v. Pendleton*, 122 U. S. 347; *Railroad v. Illinois*, 118 U. S. 560; *Leisy v. Hardin*, 135 U. S. 100; *Alexander v. Tel. Co.*, 5 S. Rep. (Miss.) 397; *Perry Co. v. Pennsylvania*, 118 U. S. 197; *Welton v. Missouri*, 91 U. S. 275; *State Freight Tax Case*, 15 Wallace (82 U. S.) 232: *Passenger Cases*, 7 Howard (48 U. S.) 283; *Gibbon v. Ogden*, 9 Wheat. (22 U. S.) 1.

BRACE, J.—This cause is certified here from the Kansas City court of appeals as involving a constitutional question. The error complained of is the

judgment of the circuit court of Pettis county, sustaining a general demurrer to the petition, which is as follows:

"Plaintiff for cause of action states, that she is a resident of the city of Sedalia, Missouri, and that the defendant is a corporation organized and incorporated under the laws of the state of Missouri, and engaged in the business of transmitting and delivering telegraphic messages from said city of Sedalia to other cities and towns in this and the surrounding states, among others the city of Leavenworth, in the state of Kansas ; that on the thirteenth day of December, A. D. 1889, she delivered to the defendant's agent, at its office in the city of Sedalia, for transmission to and delivery at the said city of Leavenworth, the following message, to-wit:

"'December 13, 1889.

"'*Matt. Connell, Soldier's Home :*—

"'Your child is dying.

"'MARY.'

"That, upon delivering said message to defendant's agent at its said office, she paid the defendant the usual and customary charges for sending and delivering the same, as established by the rules and regulations of defendant, to-wit, the sum of fifty cents, and that the defendant, through its said agent, did then and there receive said message for transmission and delivery to said Matt. Connell, at the Soldiers' Home in said city of Leavenworth, and did accept and receive the aforesaid charge for so doing ; that it then and thereupon became the duty of the defendant to transmit and deliver said message to the said Matt. Connell promptly, and with impartiality and in good faith.

"Plaintiff avers that the defendant did not transmit and deliver said message promptly, but that it negligently and carelessly failed to deliver said message to the said Matt. Connell, until the twenty-first day of February, 1890, although said Matt. Connell was constantly, from said thirteenth day of December,

1889, until said twenty-first day of February, 1890, an inmate of the Soldier's Home, in said city of Leavenworth, and was well known to its officers and other inmates, and if the defendant had at any time made inquiry for said Matt. Connell at said place, he would have been immediately found, and said message delivered.

"Whereupon plaintiff says that under and by virtue of the statute of the state of Missouri, in such case made and provided, she is entitled to have and recover from the defendant, for its aforesaid wrongful act in failing and neglecting to transmit and deliver said message promptly as aforesaid, the sum of $200, together with her costs herein laid out and expended, and for which plaintiff prays judgment."

Section 2725, Revised Statutes, 1889, upon which this action is based, makes it the duty of every telegraph company "to provide sufficient facilities at all its offices for the dispatch of the business of the public, to receive dispatches from and for other telephone or telegraph lines and from or for any individual, and on payment or tender of their usual charges for transmitting dispatches as established by the rules and regulations of such telephone or telegraph line to transmit the same promptly and with impartiality and good faith under a penalty of $200 for every neglect or refusal so to do, to be recovered with costs of suit by civil action by the person or persons or company sending or desiring to send such dispatch, one-half of the amount recovered to be retained by the plaintiff and one-half to be paid into the county public school fund of the county in which the suit was instituted ; and the burden of proof shall be upon the company to show that the wire was engaged as the reason for the delay in transmitting such dispatch."

I. This section is in form and substance a penal statute and subject to the rules of construction which obtain in respect of such statutes, and which

require that "no case shall be held to fall within it which does not fall both within the reasonable meaning of its terms, and within the spirit and scope of the enactment." Endlich on Interp, of Statutes, p. 2; *Burnett v. Tel. Co.*, 39 Mo. App. 599.

Another rule is also to be observed in its construction, that, as such a statute can have no extra-territorial force, it must be presumed that the legislature did not intend to exceed its jurisdiction, or design it to operate beyond the territorial limits of its jurisdiction. Rorer on Inter-State Law, p. 148; Endlich on Interp. of Statutes, sec. 169.

Applying these rules to the statute in question, and the case in hand, the duty imposed upon the telegraph company by this section was to receive and transmit plaintiff's message "promptly and with impartiality and good faith" as soon as its wire was disengaged from previous messages; for a failure to discharge which duty the penalty sued for is imposed. Now, what is the duty set out in the petition? Not that it was the duty of defendant to receive and transmit the message, but to transmit and deliver it. Wherein is it charged that the defendant failed to discharge its duty? Not in that it failed to receive and transmit the message, but in " that it negligently and carelessly failed to deliver said message to the said Matt. Connell until the twenty-first of February, 1890," at the Soldier's Home, in the city of Leavenworth, in the state of Kansas.

The duty imposed by the statute upon the defendant was to receive plaintiff's message at Sedalia, Missouri, and transmit it over its line to the point of destination, assuming that its line extended to that point. It is not charged that the defendant did not perform this duty, which it was enjoined by the statute to perform at Sedalia, Missouri; but that it failed to discharge another duty, that of delivering it to Matt. Connell at Leavenworth, Kansas. This failure to deliver

the message at that point to the person to whom it was directed may have been an act of negligence for which the defendant might be made to respond in damages; but it is not the failure of duty for which the statute imposes the penalty sued for; consequently, the petition did not state a cause of action on the statute, and the demurrer was properly sustained.

II.   If this construction of section 2725 be correct, it disposes of the case; and, as thus construed, it is not seen how that section impinges upon the power of congress under the constitution to regulate commerce among the several states.   Its force is wholly spent within the territorial limits of the state upon a citizen of the state in requiring the performance of a duty which that citizen owes to the people of the state and to commerce itself, in the conduct of its business within the state.   It imposes no burden upon this branch of commerce, throws no impediment in its way, and does not seek to regulate the transmission and delivery of inter-state telegrams in any manner, either within or without its own borders.   The whole scope of its provisions is to foster this branch of commerce within the borders of the state by stimulating those engaged in its conduct to the discharge of their duty to the world of commerce in which it has become such an important factor.   It does not enter the field of regulation, but leaves that field where the constitution places it under the operation of such laws of congress as may be enacted, regulating the transmission and delivery of inter-state telegrams, and in no way encroaches upon its power in that behalf.   The state, in this enactment, neither taxes, restricts nor regulates the transmission of inter-state telegrams, but it simply attempts, so far as its own citizens are concerned, to secure their transmission.   This law may aid and support but never can conflict with any law that congress or any state may pass on the subject in the interest of commerce.

In this respect this law differs essentially from the statute of Indiana, which was held (in *Western Union Tel. Co. v. Pendleton*, 122 U. S. 347) to be an invasion of the province of congress in respect to inter-state telegrams ; because, in effect, that law attempted to regulate the mode and order of transmission of inter-state telegrams, and the delivery of such dispatches at places situated in other states, by providing that telegrams of a certain character should have preference in transmission, and for the delivery of all dispatches, by a messenger, to the person to whom the same were addressed. The statute under consideration contains no such obnoxious provisions, and it is not seen why it may not well stand notwithstanding that decision, it being therein conceded that the state, within the reservation that it does not encroach upon the free exercise of the powers vested in congress, may make all necessary provisions in respect of the use of its property by a telegraph company within its jurisdiction which the comfort and convenience of the community may require.

We find nothing in the other cases cited from the United States reports, or in any case since the once in the 122 U. S., that militates against this construction of section 2725.

The judgment is affirmed. All concur.