GATE CITY ELECTRIC COMPANY, Appellant, v. JOSEPH A. CORBY, Garnishee, Respondent.

Kansas City Court of Appeals, April, 1, 1895.

Corporation: PROCESS: SERVICE: STATUTE. The statute demands service on a president or other chief officer of a corporation; and, in the absence of such officer from the county, service may be had by leaving a copy of the summons at a business office with the person having charge thereof. *Held*, service on the secretary, without reciting that he was in charge of a business office, is bad.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

AFFIRMED.

*William E. Stringfellow* for appellant.

Under the facts in this case, the service upon the secretary was service upon a chief officer, within the requirement of the statute. R. S. 1889, sec. 2527; *Schaeffer v. Phœnix Brewery Company*, 4 Mo. App. 115.

*Jas. F. Pitt* for respondent.

The sufficiency of the return can only be determined from the return itself; and, upon the face of the return in this case, it is bad, for the reason it shows neither service upon the chief officer nor upon anyone in charge of the business office of the company. *Hill v. Ore and Steel Co.*, 90 Mo. 106; 2 Beach on Private Corporations, sec. 859.

GILL, J.—The Gate City Electric Company sued the St. Joseph Electrical Supply Company, a corporation, before a justice of the peace. The constable's return on the summons was as follows:

"I hereby certify that I have executed the within writ by delivering a true copy of the same to Walter C. Stewart, secretary of the St. Joseph Electrical Supply Company, the president or other chief officer not found in my county, the sixth day of June, 1893, in Washington township, Buchanan county, Missouri.

"W. R. WOMACH,
"Constable."

There was a judgment by default in the justice's court, and subsequently the respondent, Joseph A.

Corby, was summoned as garnishee. Corby filed an answer before the justice, denying any indebtedness to the defendant St. Joseph Electrical Supply Company, and setting up want of jurisdiction in the justice, basing the latter defense on the ground that the constable's return failed to show a valid service on the defendant corporation.

When the cause was called for trial in the circuit court, where it was taken by appeal, the plaintiff offered in evidence the transcript of the original judgment before the justice (together with the summons and return thereon). The garnishee objected, taking the ground that on the face of the papers the justice had no jurisdiction, and that the judgment was void, because there was no valid service of summons shown on the defendant corporation. The trial court sustained the objection; plaintiff took a nonsuit with leave, and, after an unsuccessful motion to set same aside, brought the case here by appeal.

The sole question is whether or not there was legal service of process, in the original case of the Gate City Electric Company against the corporation defendant, the St. Joseph Electrical Supply Company.

This can only be shown by the return of the constable, and that fails to disclose the service provided by statute. Section 2527 reads: "When any such summons shall be issued against any incorporated company, service on the president or other chief officer of such company, or, in his absence, by leaving a copy thereof at any business office of said company with the person having charge thereof, shall be deemed a sufficient service." The last clause of the section further provides for summons to issue to any other county in the state, if the president or chief officer can not be found and the company has no business office in the county where suit is brought, etc.

Obviously, now, the return of the constable, as set out in the foregoing statement, fails to show such service of summons as required by the statute. The statute demands that service be had on the president or other chief officer of the corporation, if he be in the county; but, if the president or other chief officer can not be found in the county, then service may be had by leaving a copy of the summons at a business office of the company with the person having charge thereof. In this case, the constable has certified that the president or other chief officer of the corporation was absent, and not to be found in his county. The only proper service, then, he could make (and at the same time conform to the statute) was to leave a copy of the summons "at any business office of said company with the person having charge thereof."

Legal service can only be had in the manner pointed out by statute.

The ruling of the lower court was manifestly correct, and its judgment will be affirmed. All concur.