## J. R. RIXKE, Defendant in Error, v. WESTERN UNION TELEGRAPH COMPANY, Plaintiff in Error.

### Kansas City Court of Appeals, November 3, 1902.

1. **Corporations: SERVICE: CHIEF OFFICER: RETURN.** When a summons against a corporation is served upon an agent in charge of its office, the return must show that the president or other chief officer was absent or could not be found, or it is bad.

2. **Telegraphs: PENAL STATUTE: CONSTRUCTION.** A penal statute must not be regarded as including anything which is not clearly and intelligently described in its very words as well as manifestly intended by the Legislature; and if the matter is in doubt the statute can not be made to cover it.

3. ———: **FAILURE TO TRANSMIT: PENALTY: DELIVERY: STATUTE.** Section 1255, Revised Statutes 1899, provides a penalty only for failure to promptly transmit dispatches between offices in this State, and the penalty can not be recovered for a failure to deliver or to transmit from an office in this State to one in another State.

4. ———: **PETITION: SUFFICIENCY OF.** A petition summarized in the opinion does not state facts sufficient to recover a penalty for failure to transmit a dispatch.

Error to Ray Circuit Court.—*Hon. J. W. Alexander,* Judge.

REVERSED.

*George H. Fearons* and *Karnes, New & Krauthoff* for plaintiff in error.

(1) The return of the sheriff is in words and figures as follows and is sufficient: "Executed the within writ in the county of Ray and state of Missouri, on the twenty-fourth day of December, 1901, by delivering to M. V. Geary, agent of the Western Union Telegraph Company, at his office in the Santa Fe depot, in Richmond, a certified copy of the within petition and summons." The statute provides:

"When any such summons shall be issued against any incorporated company, service on the president or other chief officer of such company, or in his absence, by leaving a copy thereof at any business office of said company, with the person having charge thereof, shall be deemed a sufficient service." R. S. 1899, sec. 995. It is further provided: "On the return of such summons, served as aforesaid, the officer serving the same shall express in his return on whom, how and when the same had been executed, and if not on the chief officer, he shall express the absence of such officer, or that he can not be found." R. S. 1899, sec. 996. An inspection of the return of the sheriff discloses that the petition and summons were delivered to "M. V. Geary, agent of the Western Union Telegraph Company, at his office in the Santa Fe depot in Richmond." Hoen v. Railroad, 64 Mo. 561; Cloud v. Pierce City, 86 Mo. 357; Electric Co. v. Corby, 61 Mo. App. 630; Farmer v. Medcap, 19 Mo. App. 250; Werries v. Railway, 19 Mo. App. 398; Gamasche v. Smythe, 60 Mo. App. 161; Stewart v. Stringer, 41 Mo. 400; Smiths v. Rollins, 25 Mo. 410; Hewitt v. Weatherby, 57 Mo. 276; Davis v. Jacksonville Southeastern Line, 126 Mo. 69. (2) The cause of action set out in the petition is predicated of section 1255, Revised Statutes, 1899. This section provides a penalty of $200, one-half of which shall got to the school fund, and one-half of which shall go to the plaintiff. Endlich on Interp. of Statutes, 2; Burnett v. Tel. Co., 39 Mo. App. 599; Connell v. Tel. Co., 108 Mo. 459; Dudley v. Tel. Co., 54 Mo. App. 394. (3) In the Connell case, 108 Mo. 459, it was distinctly held: (a) The statute under consideration is a penal statute. (b) The force of the statute "is wholly spent within the territorial limits of the State." 108 Mo. 464. (c) The defendant is not liable for failing to deliver a message. The liability of the company is only for a failure to transmit, and does not attach for a failure to deliver. Dudley v. Tel. Co., 54 Mo. App. 391; Brooks v. Tel. Co., 56 Ark. 224; 19 S. W. Rep. 572; Gann v. Ry., 72 Mo. App. 41;

Crocker v. Mann, 3 Mo. 472; Friedenstein v. United States, 125 U. S. 232; Bliss on Code Pleading (3 Ed.), p. 215. Sherwood, J., in Manz v. Railway, 87 Mo. 281; Kritzer v. Woodson, 19 Mo. 331; Fusz v. Spaunhorst, 67 Mo. 256; Butner v. Tel. Co., 2 Okl. 234, 37 S. W. 1087; Tel. Co. v. Steele, 108 Ind. 163, 9 N. E. 78; Kirby v. Western Union, 4 S. D. 462, 57 N. W. 202.

*Ball & Bogie* for defendant in error.

SMITH, P. J.—This is an action against defendant—a telegraph corporation organized under the provisions of article 6, chapter 12, Revised Statutes—based upon section 1255.

The judgment was by default and the defendant has brought the record in the cause before us by writ of error. It assails the judgment on two distinct grounds, the first of which is that there was no service of summons on it in the manner required by the statute and that for that reason the judgment is *coram non judice*; and the second is that the petition fails to state facts sufficient to constitute a cause of action. The defects complained of, if they exist, must appear from an inspection of the record proper.

Turning to the sheriff's return on the writ and we find it to be as follows, to-wit:

"Executed the within writ in the county of Ray and State of Missouri on the twenty-fourth day of December, 1901, by delivering to M. V. Geary, agent of the Western Union Telegraph Company, at his office in the Santa Fe depot, in Richmond, a certified copy of the within petition and summons."

It is provided in section 995, Revised Statutes: "When any such summons shall be issued against any incorporated company, service on the president or other chief officer of such company, or in his absence, by leaving a copy thereof at any business office of said company, with the person having charge thereof, shall be deemed a sufficient service."

And further in the next succeeding section: "On

the return of such summons, served as aforesaid, the officer serving the same shall express in his return on whom, how and when the same had been executed, and if not on the chief officer, he shall express the absence of such officer, or that he can not be found.''

It is thus seen that the service was not on the president or chief officer of the defendant, but on an agent in charge of a local office. It is not stated in the said return that the president or chief officer of the defendant was absent or that he could not be found. Where the service is not on the president or chief officer of the defendant corporation, as here, the sheriff's return must state his absence or that he can not be found. Hoen v. Railway, 64 Mo. 561; Cloud v. Pierce City, 86 Mo. 357; Electric Co. v. Corby, 61 Mo. App. 630; Dunn v. Railway, 45 Mo. App. 29. It becomes therefore quite manifest from the face of the return that the service was not that required by the express terms of the statute already quoted and in legal contemplation was no service at all; and, hence, the judgment rendered thereon was, as defendant contends, *coram non judice.*

And as to the other ground of defendant's assault —that is to say, the insufficiency of the petition—it is proper to say that the substantive allegations of that pleading may be summarized in this way:

(1) Defendant is a corporation formed under the laws of Missouri, and engaged in the business of transmitting and delivering telegraphic messages from Richmond, Missouri, to other cities and towns, ''among others, the city of Girard, Kansas.'' (2) That plaintiff delivered to defendant ''for transmission to and delivery at said city of Girard, Kansas,'' a certain message. (3) That plaintiff paid the usual and customary charges for sending and delivering the message, and that defendant received said message for transmission and delivery to the said J. I. Huber, at Girard, Kansas. (4) That defendant did not transmit and deliver said message promptly, but that it negligently and carelessly failed to transmit and deliver said message to the said

J. I. Huber on the sixteenth day of October, 1901, and carelessly and negligently failed to transmit said message to the said J. I. Huber at Girard, Kansas, at any other time.

The plaintiff in his petition undertook to state a cause of action arising out of a violation of section 1255, which provides:

"It shall be the duty of every telegraph . . . company . . . operating any . . . telegraph line in this State . . . to receive dispatches from . . . or for any individual and on the payment or tender of their usual charges for transmitting dispatches . . . to transmit the same promptly and with impartiality and in good faith under a penalty of two hundred dollars for every neglect or refusal to do so," etc.

Does the petition allege a violation of any duty which defendant owed the plaintiff under the statute just quoted? Conceding, as we must, that the plaintiff did, as alleged in his petition, deliver the message to the defendant and did pay the usual charges for transmission and delivery, and that the "defendant did not transmit and deliver the same promptly, but that it negligently and carelessly failed to transmit and deliver" the same to the addressee, is it in consequence thereof amenable to plaintiff under the statute for the penalty it provides? This is a penal statute and as such it is not to be regarded as including anything which is not clearly and intelligently described in its very words, as well as manifestly intended by the Legislature. And the rule is that where there is a doubt, such a statute ought not to be construed to inflict a penalty which the Legislature may not have intended.

The petition, as has been seen, alleges that it was the duty of the defendant to both *transmit and deliver*, while the duty enjoined by the statute is only to *transmit*. Among the duties which the defendant, under the statute, owed the plaintiff there was none that enjoined it to *deliver* the message. But according to the allegations of the petition, even if the defendant had trans-

mitted promptly and with impartiality and good faith, it was still liable if it failed to *deliver* to the addressee at a place of destination which was in another State. It may be that the defendant is liable to plaintiff in damages for a breach of the contract, if any such there was, to promptly transmit and deliver, but certainly the statute did not require the performance of such alleged twin duties or provide any penalty for their non-performance: Connell v. Tel. Co., 108 Mo. 459; Dudley v. Tel. Co., 54 Mo. App. 391; Parker v. Tel. Co., 87 Mo. App. loc. cit. 561. The plaintiff, it would seem, has recovered a judgment against defendant for the recovery of a penalty for the breach of an alleged duty not required by the statute and for which, of course, such statute provides no penalty. If this statute is given the strict construction which is required, then there can be little difficulty experienced in arriving at the conclusion that the facts stated in the petition disclose no cause of action on it—the statute. In Connell v. Tel. Co., supra, the petition was similar in its allegations to that in the present case, and in the course of the opinion of the court in the former it was said:

"The duty imposed by the statute upon the defendant was to receive plaintiff's message at Sedalia, Missouri, and transmit it over its line to the point of destination, assuming that its line extended to that point. It is not charged that the defendant did not perform this duty, which it was enjoined by the statute to perform at Sedalia, Missouri, but that it failed to discharge another duty, that of delivering it to Matt Connel, at Leavenworth, Kansas. This failure to deliver the message at that point to the person to whom it was directed may have been an act of negligence for which the defendant might be made to respond in damages; but it is not the failure of duty for which the statute imposes the penalty sued for; consequently, the petition did not state a cause of action on the statute."

A petition, therefore, which alleges a failure to promptly transmit from a place within this State to the addressee at a place without this State, discloses no

·cause of action on the statute. Since the statute can have no extraterritorial force it is essential in order to state a cause of action on it that the petition allege a failure to promptly transmit from a place in this State to the addressee at an other place also in this State. The petition under review, when tested by this rule, is defective· and insufficient to support the judgment.

Both of the objections urged by the defendant to the judgment are alike fatal to it; and accordingly it must be reversed. All concur.