EDDINGTON, Respondent, v. WESTERN UNION TELEGRAPH COMPANY, Appellant.

St. Louis Court of Appeals, November 14, 1905.

1. **TELEGRAPH COMPANIES: Delay in Transmitting Message: Contract.** The liability of a telegraph company under section 1255, Revised Statutes of 1899, for failure promptly to transmit a telegram, arises only by virtue of a contract between the sender of the message and the company.

2. ———: ———: ———. Plaintiff took his message to the telegraph company's operator and was informed by the operator that it was doubtful about making connection with the point through which the telegram must go, on account of trouble with the lines. A few hours later the operator told plaintiff that he did not know whether he could get the point desired that day

or not, offered plaintiff his money back, and advised him to send his message by letter. Plaintiff replied that he was in no hurry and told the operator to send the message when he could. The operator used all proper diligence, and sent the message twenty-six hours after receiving it. *Held*, in an action against the company for failure to transmit promptly, under section 1255, Revised Statutes of 1899, the defendant violated no duty to plaintiff and he could not recover.

3. ———: ———: **Statutory Construction.** Said section, authorizing recovery without proof of actual damages, is penal and must be construed strictly.

Appeal from Carter Circuit Court.—*Hon. William N. Evans,* Judge.

REVERSED.

*O. L. Munger* and *Chas. M. Hay* for appellant.

The testimony discloses the fact that defendant's agent informed plaintiff at the time of the offering of said message to him that in all probability he would not be able to transmit said message for the reason that the wires were in bad condition, and that if accepted at all would be subject to delay, and under those conditions said message was left with defendant's agent for transmission from Elsinore, Missouri, to Piggot, Arkansas, which threw responsibility upon plaintiff and relieved defendant of penal liability or other responsibility. Smith v. Tel. Co., 57 Mo. App. 259. If there is no negligence on the part of the telegraph company, there is no liability for the penalty. The telegraph company is not an insurer as is a common carrier.

*Clark & Sheets* for respondent.

The statute in question is a valid exercise of the police power of the State; the duty to be performed as enjoined by the statute, is to be wholly performed within the State and appellant is liable to the penalty prescribed therein for a failure to perform the same. Ad-

ams Express Co. v. State, 67 N. E. 1033; Railroad v. Commonwealth, 46 S. E. 911; Louisville v. Wehmoff, 79 S. W. 201; Smith v. Alabama, 124 U. S. 465; Railroad v. Alabama, 128 U. S. 96; Telegraph Co. v. James, 162 U. S. 650; Hennington v. Georgia, 163 U. S. 209; Railroad v. Fuller, 17 Wall. 560; Railroad v. Kentucky, 161 U. S. 677; Railroad v. New York, 165 U. S. 628; Railroad v. Solan, 169 U. S. 133; Railroad v. Tobacco Co., 169 U. S. 311; Railroad v. Ohio, 173 U. S. 285; Railroad v. Illinois, 177 U. S. 514, 516; Railroad v. Hughes, 24 Sup. Ct. Rep. 132.

STATEMENT.—This case originated in Carter county. It is a suit for the penalty of $200 prescribed in section 1255, Revised Statutes 1899, for the failure to promptly transmit a telegram with impartiality and good faith. At the conclusion of plaintiff's evidence in the court below, the defendant requested and the court refused a peremptory instruction to the effect that plaintiff could not recover and the defendant excepted to the action of the trial court thereon. The jury returned a verdict for the plaintiff for the penal sum of $200 and the court entered judgment thereon, awarding one-half of the amount to plaintiff and one-half to the public school fund of that county as provided by the statute. After unsuccessful motions for new trial and in arrest, the case comes here by appeal.

Appellant urges, first, that the petition fails to state a cause of action; and, second, that the trial court erred in refusing the peremptory instruction asked because the evidence was insufficient to entitle plaintiff to go to the jury. We will not consider the question whether or not the petition is sufficient. We refrain from expressing any opinion thereon, as we are clearly of the opinion that the evidence is insufficient to support the finding, whether the petition is good or bad.

Plaintiff himself, did not go upon the witness stand. He saw fit to call the defendant's telegraph operator in-

stead, who was the only witnesses in the case. The operator gave evidence in substance as follows: At about 8:30 a. m. on the 27th day of July, plaintiff delivered to him at the company's office at Elsinore, Missouri, in said county, a written message, properly addressed, etc., to be transmitted by telegraph as addressed, and paid him the usual and customary charge therefor in advance; that the only way a message could be transmitted was via Cape Girardeau, which is about eighty-four miles distant from Elsinore. Of the transaction he testified verbatim, as follows:

"Q. What did you do with that message? A. He was there with me and I called Cape Girardeau but could not get them as we had been having trouble, the lines had been down and I told him I did not know whether I would be able to get them that day or not, and that I accepted it subject to delay.

"Q. Was it written on that message that you accepted it subject to delay? A. No, sir, but I called Cape Girardeau every fifteen or twenty minutes until noon, and either just before dinner or just after dinner he came by the window and asked me if I sent that message and I told him no, and offered him his money back and told him he would better send it by mail and that I might not get the Cape that evening, that the line was down, and he said there was no hurry about it, to send it when I could and I called them every fifteen or twenty minutes till I left the office that evening about eight o'clock but could not get them, but I finally got them about ten o'clock the next morning.

"Q. Do you know the cause of the delay? A. No, sir."

On cross-examination, he testified as follows:

"A. I told him when I took the message that it would be subject to delays, but I told him just before or just after dinner that he would better take his money back and send it by mail, that the train would be along right away.

"Q. Did you use all diligence in trying to transmit this message?  A. Yes, sir."

NORTONI, J. (after stating the facts).—We are clearly of the opinion that the court should have peremptorily directed a verdict for the appellant. We do not reach this conclusion from the fact that for some reason unexplained in the record, the wires seemed to be down, nor upon the grounds that some condition had arisen which rendered it impossible for appellant to transmit the message with promptitude, as in Taylor v. Tel. Co., 107 Mo. App. 105, 80 S. W. 697, for no sufficient showing is contained in the record to justify such holding on these grounds. We reach the conclusion, however, upon the broad ground of the contractual relation existing between the parties. Respondent in this action is pursuing the penalty which has accrued to him, if at all, by virtue of the statute which imposes a penalty upon appellant for default in carrying out its contractual duty to the respondent. It is clear that the statute in question, in so far as this case is concerned, contemplates a contract between the parties, for it requires payment or tender of the amount of compensation due for the services demanded in advance of the services and under the statute, it is part of the burden of the party pursuing the penalty to show that such usual compensation was either tendered or paid, and upon this showing, the contractual duty arises on the part of the telegraph company to transmit, etc., and it is upon a default in this contractual duty thus arising that the penalty can be awarded in this case, if at all. [Brashears v. W. U. Tel. Co., 45 Mo. App. 442; Rixke v. Tel. Co., 96 Mo. App. 411.] It was competent for the parties to make any contract or agreement they saw fit about sending the telegram at the time it was delivered to the company's agent, so long as it was not contrary to the public law on the subject. This being true, then it becomes our duty to

look at the contract between the parties on which the transaction involved rests. In this contract was incorporated the express understanding that the message was accepted in the first instance by the telegraph company subject to the delays, and with the knowledge then and there conveyed to respondent that there was some difficulty with the wires which would render its transmission subject to delay. In this state of the case, the law requires only reasonable diligence on the part of the operator to transmit the message as early as possible. [Smith v. Western Union Tel. Co., 57 Mo. App. 264.] It is shown that he called Cape Girardeau while the respondent was then with him at the time of accepting the message, failed to get a response to his call and so informed respondent, and that he continued to so call every fifteen or twenty minutes until the message was finally transmitted the following morning. This was certainly reasonable diligence. It further appears that respondent came by the office at noon and was informed by the operator that he could not get Cape Girardeau over the wire and was advised by him that the mail train would soon be along and that he had better send the message by mail as it would reach its destination earlier than it would be possible for him to transmit it over the wires, and his money was thereupon tendered back to him by the operator; that he declined the money and said: "There is no hurry about it, send it when you can."

A statute, such as the one here authorizing a recovery without any proof of actual damages, injury or pecuniary loss, is harsh indeed, when applied to those cases which fall properly within its provisions. It is highly penal and must be strictly construed and applied only to such cases as come clearly within its provisions and manifest spirit and intent. [Dudley v. W. U. Tel. Co., 54 Mo. App. 391; Connell v. Tel. Co., 108 Mo. 459, 18 S. W. 883.] We certainly cannot extend it to cover a case such as the one under consideration. It can only apply

to such cases as where the contract to transmit the message with promptness is either express by the acceptance of the message and fee, or implied by law upon the tender of a proper message and fee, without special contract or limitations to the contrary. It certainly cannot be invoked to require promptness in the transaction where the parties, by agreement, have provided that such promptitude shall not be exacted. The judgment is reversed. *Bland, P. J.,* and *Goode, J.,* concur.