J. D. COWAN, Appellant, v. WESTERN UNION TELEGRAPH COMPANY, Respondent.

Springfield Court of Appeals, July 7, 1910.

1. TELEGRAPH COMPANIES: Action for Penalty: Failure to Deliver a Message at Point Where no Office is Maintained. In a suit against a telegraph company for the penalty provided by the Laws of 1907, page 188, it appeared that the company had failed to deliver a message which it was to deliver at a station where the company had closed its office, this being unknown by the receiving agent at the time the message was accepted for transmission. *Held*, that the act did not require the company to deliver a message at a point where it maintained no office, and that the penalty could not be recovered in such case.

2. STATUTORY CONSTRUCTION: Telegraph Companies: Statute Imposing Penalty. The Laws of 1907, page 188, providing for the recovery of a penalty in case a telegraph company fails to comply with the terms of the statute is penal in its nature and must be strictly construed, and applied only to such cases as come clearly within its provisions and the manifest spirit and intention of the statute.

3. ——: ——: **Duty of Telegraph Company.** Telegraph companies are to discharge their duties, both to the public and individuals, effectively and promptly transmit and deliver messages with impartiality and in good faith under the prescribed penalty of three hundred dollars, as provided for by the Laws of 1907, page 188.

4. —— **Maintaining Lines and Stations.** The policy of legislation in this State concerning telegraph and telephone companies has not been to prescribe when and where they shall establish and maintain their lines; nor has there been any regulation by this State as to the temporary suspension of the operation of their lines.

5. **PENALTY: Definition.** The word "penalty" means a fine or punishment imposed upon any one for the violation of some duty which the wrongdoer is under obligation to perform.

Appeal from Wayne Circuit Court.—*Hon. Joseph J. Williams,* Judge.

AFFIRMED.

*O. L. Munger* and *J. F. Meador* for appellant.

*George H. Fearons* and *Wammáck & Welborn* for respondent.

(1) The statute under which plaintiff sues being a penal statute, must be strictly construed, and the plaintiff must bring his case within the clear terms of the statute before he will be allowed to recover. Burnett v. Telegraph Co., 39 Mo. App. 599; Wood v. Telegraph Co., 59 Mo. App. 236; Parker v. Telegraph Co., 87 Mo. App. 553; Rixke v. Telegraph Co., 96 Mo. App. 406; Connell v. Telegraph Co., 108 Mo. 459. (2) The statute does not apply to a case where an agent of the telegraph company, not knowing that his company has no office at a particular place, accepts a message for delivery to such place. Peterson v. Telegraph Co., 10 Ind. App. 227.

NIXON, P. J.—This is an action by the appellant, J. D. Cowan, to recover of the Western Union Telegraph Company the penalty of three hundred dollars provided for by section 1255, Session Acts of 1907, page 188, said section repealing section 1255, Revised Statutes 1899.

The evidence shows that on March 26, 1908, shortly after noon, the appellant gave to the respondent's agent at its office in Williamsville, Mo., the following telegram, appellant paying the usual charge for its transmission:

"Received at 2:50 p. m.   West Plains, 3-26-1908.

"Dated Williamsville, Mo., 26th.   To J. E. C. Roberts, Mountain View, Mo.   Can I see you in Mountain View tomorrow?   Answer.   J. D. Cowan."

Plaintiff testified that at the time he deposited the message, the operator at Williamsville informed him he would get an answer that night; that plaintiff inquired the next morning whether or not a reply had been received and he was told "not yet."   That he waited until train time, about 10:30, and asked again and was told that no answer had come.   That he then went to Mountain View on the train, arriving there about 5:30 in the afternoon, and finding that Roberts had not received the telegram; that he and Roberts went to the station and were informed that the telegraph office at that place had been closed and that the message was not there. The evidence shows that the telegraph office at Mountain View had been closed since March 5, 1908.   The message was sent from Williamsville over the usual route as far as West Plains, an office through which a message to Mountain View would have to pass, and the evidence showed that the operator at Williamsville did not know that the office had been discontinued at Mountain View. Respondent's agent at West Plains, knowing that respondent then had no office at Mountain View, sent a message to the agent at Williamsville, informing him of that fact, and inquiring what to do with the message. That thereupon the agent at Williamsville instructed the agent at West Plains to forward the message by

U. S. mail to J. E. C. Roberts. The message was so forwarded and was received by Roberts on the 28th day of March, 1908. Plaintiff testified that he had been sending messages from Williamsville to Mountain View over the Western Union's line; that the usual time consumed in sending a message to that place and getting a reply was from twelve to twenty-four hours.

At the close of all the testimony, the court, at respondent's request, peremptorily instructed the jury that under the pleadings and the evidence their verdict should be for the respondent, and the verdict was so returned. The plaintiff below has appealed, and the only question presented for our consideration is as to the propriety of the action of the trial court in giving the peremptory instruction.

The statute under which this action was brought is as follows:

"It shall be the duty of every telegraph or telephone company, incorporated or unincorporated, operating any telephone or telegraph line in this State, to provide sufficient facilities at all its offices for the dispatch of the business of the public to receive dispatches from and for other telephone or telegraph lines, and from or for any individual and on payment or tender of their usual charges for transmitting and delivering dispatches as established by the rules and regulations of such telephone or telegraph lines, to transmit and deliver the same to designated address and to use due diligence to place said dispatch in the hands of the addressee, by the most direct means available, without material alterations, promptly, and with impartiality and good faith under a penalty of three hundred dollars ($300) for every neglect or refusal so to transmit and deliver, to be recovered with costs of suit by (the) civil action by the person or persons or company sending or desiring to send such dispatch; two-thirds of the amount recovered to be retained by the plaintiff, and one-third to be paid into the county school fund of the county in which

the suit was instituted, and the burden of proof shall
be upon the company to show that the wire was engaged
as the reason for the delay in transmitting such dis-
patch."

That this statute is penal in its nature will not be
disputed. See Eddington v. Western Union Tel. Co.,
115 Mo. App. 98, 91 S. W. 438; Rixke v. Western Union
Tel. Co., 96 Mo. App. 410, 70 S. W. 265. This being
true, the statute must be strictly construed "and applied
only to such cases as come clearly within its provisions
and manifest spirit and intent." [Eddington v. Western
Union Tel. Co., supra, and cases cited.]

An adjudicated case somewhat like the present is
that of Peterson v. Western Union Tel. Co. (Ind.),
37 N. E. 810. The Indiana statute under which that
suit was brought (for the penalty) was similar to our
section 1255, Revised Statutes 1899, which was repealed
by the section under consideration. Plaintiff in that
case delivered to the agent of the telegraph company
at Elkhart, Indiana, a telegram for transmission to Bol-
iver, Indiana, and paid the usual charge. The answer
alleged that the operator at Elkhart had been in the
office but a short time; that there was posted in said
office a list of towns (furnished by the railroad com-
pany) in which telegraph offices were maintained, and
among them was Boliver; that the agent, relying on said
list, accepted the telegram in good faith and transmitted
the same over the practicable route as far as Chicago
and was then notified that the company maintained no
office at Boliver; that the company then immediately
tendered plaintiff the money paid, etc. The court said:
"This is not an action for breach of contract, or for
a negligent omission to act according to its obligations
as a public carrier. The action was for violation of a
penal statute. There can be no recovery in such case
unless an aggressive violation of a statutory duty is
shown. The statute does not prescribe a penalty for
neglect in transmitting messages or for breach of con-

tract, but the penalty imposed is for discrimination, for failure to transmit "with impartiality and in good faith, and in the order of time in which they are received.' In this case there was no office at Boliver. It was impossible to transmit the message by telegraph to that point. Whether the company may be liable for breach of contract in failing to do what it agreed to do we need not determine. The only question with which we are concerned is whether there has been a breach of a duty imposed by the statute which entitled the appellant to recover the penalty therein provided. On principle and authority, our opinion is that, admitting the facts in the answer to be true, appellant has no right to recover in this action."

The policy of legislation in this State concerning telegraph and telephone companies has not been to prescribe when or where they shall establish and maintain their lines; nor has there been any regulation by this State as to the temporary suspension of the operation of their lines. These matters have been left to be regulated by their own private initiative. But when they assume to act as public service corporations, as common carriers of messages, the law has to some extent fixed their duties and liabilities. They are to discharge their duties both to the public and individuals efficiently and to promptly transmit and deliver messages with impartiality, in good faith, under the prescribed penalty of three hundred dollars. There is nothing in our statute which requires the telegraph company to deliver messages at a point where no office is maintained. If a contract has been breached, or if a wrong has been done or damage suffered, relief may be obtained in the proper forum. The word "penalty" means a fine or punishment imposed upon anyone for a violation of some duty which the wrongdoer is under obligations to perform. [Jones on Tel. and Tel. Companies, p. 596.]

For the reasons stated the judgment is affirmed. All concur.