J. T. BRADSHAW, Respondent, v. THE WESTERN UNION TELEGRAPH COMPANY, Appellant.

Springfield Court of Appeals, November 10, 1910.

1. PLEADING: Actions for Penalty: Telegraph Companies. The statute making telegraph companies liable for a penalty in cases of failure to transmit messages with impartiality, etc., should be strictly construed and applied only to such cases as come clearly within its provisions and manifest spirit and intent, and in actions under such statute it is especially necessary that the petition should state facts which will bring the party liable under the statute by its very terms. Every fact essential to a recovery must be affirmatively pleaded, and defects in the petition cannot be cured by a verdict.

2. ———: ———: ———. In a suit against a telegraph company for the penalty for failure to transmit a message, the petition was held bad and not cured by verdict, where it simply stated that the message was delivered to the agent of defendant, and failed to state that the message was delivered at the office of the defendant.

3. TELEGRAPH COMPANIES: Actions for Penalty: Prima Facie Case. In a suit against a telegraph company for the penalty for failure to transmit a message, the evidence showed that the message was delivered to defendant's agent at its office in Springfield not later than 10:15 p. m. The message was to notify plaintiff's mother that he would arrive in Lebanon on the midnight train, and it was not transmitted to Lebanon until 11:47. Held, that the evidence was sufficient to make a prima facie case of negligence, and cast the burden upon the company to show that its line was engaged or some other good reason existed that caused the delay.

4. ———: ———: Failure to Transmit Message: Excuse for Non-Delivery. In a suit against a telegraph company for the penalty for failure to transmit a message, the evidence showed

prima facie a negligent delay in transmitting. The defendant excused itself for failure to deliver the message on the grounds that it had no night messenger at the place of delivery. *Held*, that this was no defense in this case, not only because a prompt delivery of the message after the delay in transmission would have been useless, but because defendant is liable for the penalty for failure to transmit. Whether the excuse would be a good defense in an action for non-delivery is not decided.

5. ———: ———: ———: **Offices Affected by Statute.** Defendant telegraph company maintained its regular offices up town in the city of Springfield, and also an office at the depot for the accommodation of passengers. *Held*, that the statute providing for a penalty for failure to transmit messages applies to messages delivered at the depot office, as well as to the uptown office.

Appeal from Laclede Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED.

*George H. Fearons* and *A. W. Curry* for appellant.

(1) The petition is insufficient and does not state a cause of action under the statute. 30 Cyc. 1352; Wood v. Telegraph Co., 59 Mo. App. 236; Connell v. Telegraph Co., 108 Mo. 459. (2) The statute is strictly penal. Eddington v. Telegraph Co., 115 Mo. App. 98; Rixke v. Telegraph Co., 96 Mo. App. 410. (3) The office is not the kind of office contemplated by the statute. Wood v. Telegraph Co., 59 Mo. App. 236; Connell v. Telegraph Co., 108 Mo. 459. (4) The statutory penalty is not incurred for failure to deliver a message during the hours which a telephone company maintains no messenger service. Given v. Telegraph Co., 24 Fed. 119; Telegraph Co. v. Harding, 3 N. E. 172.

*J. W. Farris* for respondent.

(1)   The decisions cited by appellant were based upon the statute before amendment, some of which decisions held that the penalty was imposed for failure to transmit, and not for failure to transmit and deliver.   The law was amended in 1907 to meet that condition, and was made to read "transmit and deliver." Under present law, the petition is good.   Parker v. Telegraph Co., 87 Mo. App. 553.   (2)   It is the duty of the court to look at the contract between the parties on which the transaction involved rests.   Eddington v. Telegraph Co., 115 Mo. App. 97.   (3)   The question as to keeping a messenger for delivery of dispatches between eight o'clock p. m., and eight o'clock a. m., has no place in this case.   The operator, who was appellant's agent, took the dispatch and the money charges without any conditions.   Brashears v. Telegraph Co., 45 Mo. App. 440; Kendall v. Telegraph Co., 56 Mo. App. 196; Eddington v. Telegraph Co., 115 Mo. App. 97.

GRAY, J.—Plaintiff commenced this suit in the circuit court of Laclede county, December 6, 1909, to recover the penalty prescribed by section 3330, Revised Statutes 1909.   The plaintiff recovered in the trial court, and the cause is here on defendant's appeal.

The defendant challenges the sufficiency of plaintiff's petition, and therefore in order for a correct understanding of the issues, we copy therefrom as follows:

"Plaintiff for his cause of action states to the court that the defendant, the Western Union Telegraph Company, is a corporation duly organized, and at the time hereinafter stated was engaged in receiving and transmitting and delivering telegraph dispatches in the State of Missouri.   Plaintiff further states that on the 13th day of November, 1909, at the city of Springfield, in the county of Greene, in the State of Missouri, he delivered to the agent of the defendant a dispatch as follows, to-wit:

" 'Springfield, Mo., Nov. 13th. Mrs. Margaret Bradshaw, Lebanon, Mo. Will arrive on midnight train tonight. Jim.'

"That at the time he delivered said dispatch he paid to the agent of the defendant the sum of twenty-five cents, the sum demanded and charged for transmission and delivery of said dispatch; that the defendant negligently and carelessly failed and refused to transmit the dispatch promptly, with impartiality and in good faith, and negligently and carelessly failed and refused to put the said dispatch in the hands of the addressee promptly, impartially and in good faith, and the city of Springfield, where said dispatch was delivered, and the city of Lebanon, the destination, was only fifty-seven miles apart. That because of the failure of the defendant, the Western Union Telegraph Company, to transmit said dispatch promptly, with impartiality and in good faith, and because of the failure of the said defendant to use due diligence to place said dispatch in the hands of addressee promptly, with impartiality, and in good faith, a statutory penalty has accrued to him, the said plaintiff, in the sum of three hundred dollars, two-thirds, or two hundred dollars, to this plaintiff, and one-third, or one hundred dollars, to the school fund of Laclede County, Missouri."

The evidence shows that plaintiff was a passenger on a Frisco train between Monett and Lebanon, Missouri, with the latter place his destination; that when his train arrived at Springfield about ten o'clock p. m., he asked the conductor if he could send a telegram, and was directed to an office in the passenger depot, at which place the defendant did not receive any Western Union business, but from which Western Union business was sent for the accommodation of passengers; that at said time the defendant maintained a regular office at another point in Springfield. The message was received at Springfield about 10:15 p. m., but before delivering the same the plaintiff informed the

operator in charge of the office, if the telegram could not be delivered that night, he did not want to send it. The operator in charge made no reply except to state that there was a charge of twenty-five cents which plaintiff paid and resumed his journey. The plaintiff arrived in Lebanon about midnight and went to his mother's residence, which was about ten minutes' walk from the depot, and found his telegram had not been delivered.

The evidence further shows there was an interval of time from 10:30 to 11:05, when there was no operator in charge of the office at Lebanon, Missouri, and that the operator at Springfield began calling Lebanon at intervals from three to ten minutes but did not succeed in getting him until 11:47, when the message was sent. The addressee, Mrs. Bradshaw, had no telephone, and the operator at Lebanon did not know where she lived and did not know her. The defendant did not maintain a messenger service at Lebanon between the hours of eight o'clock p. m. and eight o'clock a. m., and messages received between the said hours were not delivered until the next morning, unless they showed something of an emergency, or the addressee had a telephone, but when messages were received between said hours which showed they were of importance an effort was made to deliver them. The message was delivered to the addressee at her residence the following morning while the plaintiff was there.

The statute in question is copied in the opinion of this court in Cowan v. Telegraph Co., 129 S. W. 1066, and reference is made thereto for its terms. In the case just cited, Nixon, P. J., delivered the opinion of the court and said: "That this statute is penal in its nature will not be disputed. [Eddington v. Telegraph Co., 115 Mo. App. 98, 91 S. W. 438; Rixke v. Telegraph Co., 96 Mo. App. 410, 70 S. W. 265.] This being true the statute must be strictly construed 'and applied only

to such cases as come clearly within its provisions and manifest spirit and intent.' ''

The rule seems to be that in an action under such statutes, it is especially necessary that the petition should state facts which will authorize an infliction of the penalty, and if the petition does not state the facts to bring the party liable under the statute by its very terms, the defects therein cannot be cured by a verdict. [Kingston v. Newell, 125 Mo. App. 389, 102 S. W. 604; Snow v. Bass, 174 Mo. 149, 73 S. W. 630; State, etc., v. Railroad, 83 Mo. 144; Wood v. Tel. Co., 59 Mo. App. 236.]

The petition nowhere alleges that the message was delivered at any office of the defendant, but simply states that at the city of Springfield plaintiff delivered to the agent of the defendant a certain message.

In the case of Wood v. Tel. Co., supra, the petition alleged that the company had an office in the city of Shelbina, State of Missouri, with agents and operators engaged in the business of receiving and transmitting messages, and that on a certain day the plaintiff delivered to the agent and operator of the defendant in said city, a certain message. At the opening of the trial, the defendant objected to the introduction of any evidence, for the reason that the statement was insufficient. The objection was overruled and the defendant appealed, and the St. Louis Court of Appeals held the petition insufficient, and said relating thereto: ''In actions on penal statutes the plaintiff's statement cannot be helped out by intendment, or a defective or imperfect allegation cured by verdict. Every fact essential to a recovery must be affirmatively pleaded. Now, in the present case, the statement fails to show that the dispatch was delivered at the office of the defendant at Shelbina. It is averred that the defendant had an office there, and that the dispatch was delivered to the operator, but that is all. These allegations are insufficient, unless we are prepared to hold that the de-

livery of a message to an operator or messenger at a place other than the public office of the company is a delivery within the penal provisions of the statute. Such a holding would be contrary to the evident purposes of this statute, and would prevent a proper discharge of the duties imposed by law upon the agents and servants of telegraph companies. It is evident, therefore, that while a telegraph company may, by its proper agents, receive a message outside of its office, it cannot be subjected to the heavy penalties of the statute before such message reaches its office. Delivery at the office is the delivery contemplated within the penal provisions of the statute.''

We think that case goes to the extreme limit of technicality and if the petition in the present case were as explicit as the one in the Wood case, we would hesitate to follow that case. But in the present case, the petition nowhere alleges that the defendant had an office in Springfield, but simply alleges that the company was engaged in the telegraph business in the State of Missouri, and on the 13th day of November, 1909, plaintiff, at the city of Springfield, delivered to the agent of the defendant, a certain dispatch. The statute in question provides that it shall be the duty of every telegraph or telephone company to provide sufficient facilities at all of its offices for the dispatch of the business of the public, etc.

The language of Nixon, P. J., in Cowan v. Tel. Co., supra, is peculiarly applicable to the present case. In that case an effort was made to send a telegram from Williamsville to Mountain View, in this state. The company had formerly kept an office in Mountain View, and the same had been abandoned. The agent at Williamsville, not knowing of this, accepted a message from the plaintiff and it was not delivered because the company no longer maintained an agent at Mountain View. The plaintiff brought his action for the penalty for failure to promptly transmit and deliver the message.

The court said: ''There is nothing in our statute which requires the telegraph company to deliver messages at a point where no office is maintained. If a contract has been breached, or if a wrong has been done or damage suffered, relief may be obtained in the proper forum. The word 'penalty' means a fine or punishment imposed upon any one for a violation of some duty which the wrongdoer is under obligations to perform.''

In State, etc., v. Railroad, 83 Mo. 144, the suit was instituted before a justice of the peace to recover a penalty provided by law from railroad companies engaged in carrying passengers for failure to comply with certain requirements at intersections of other railroads. The court held, in order for the petition to be good, it must state that not only the defendant but the other company whose line intersected with defendant's, was also engaged in carrying passengers. The decision of the court in holding the petition insufficient was based squarely upon the principle above announced to-wit: That the statute being penal, it should be strictly construed, and so as not to enlarge the liability it imposes, nor allow a recovery under it, unless the party seeking it brings his case clearly within the terms and conditions authorizing it.

It is also claimed that the petition is defective because it does not state in precise terms that the amount paid by plaintiff was the ''usual'' charge for transmitting the telegram. The petition does allege that the amount paid was the sum demanded and charged for the transmission and delivery of the dispatch. We believe this contention is unsound.

The appellant insists that the case should be reversed without remanding, and claims that under the evidence, plaintiff is not entitled to recover. The evidence discloses that not later than 10:15 p. m., the message was delivered to the defendant's agent with the statement from plaintiff that if it could not be de-

livered that night, he did not want it sent. The agent afterward accepted the money and the plaintiff went on his way. The dispatch showed on its face that its object could only be attained by prompt transmission and delivery to the person addressed. It was plain and unambiguous and the importance of prompt action was apparent. The train upon which the plaintiff was riding was due at Lebanon about midnight, and the company must have known that if the dispatch was not delivered before midnight, it might as well never be delivered.

In Ward v. Tel. Co., 23 Ind. 377, 85 Am. Dec. 462, the dispatch read: "Come on the night train without fail," and the company failed to deliver the dispatch until the next day. The court in holding the defendant liable said: "The message, upon its face, and as explained at the time of its delivery to the company, could have no force unless sent before the night train left Lafayette. 'Come by the night train,' as it sounded along the wires the next morning, spoke not as a living voice, but as an echo of the past. Our postal facilities are ample for the transmission of such memories, and the law will not permit the telegraph to be employed as a rival."

In the present case, the evidence shows the message did not reach Lebanon until thirteen minutes before midnight, and about the time the train upon which plaintiff was riding was due. We are informed from the testimony that the office at Lebanon had a night operator, but from 10:30 to 11:05 that night, he was away from the office, and we are further informed that the agent at Springfield tried to call him at intervals until 11:47, without getting any response, but there is no testimony showing why he was away from the office, or why the agent at Springfield did not get in connection with him earlier. The distance between Springfield and Lebanon is alleged in the petition, but does not appear from the evidence further than from the fact that the

train left Springfield after ten o'clock and was due at Lebanon about midnight. When the plaintiff showed he delivered his telegram at about ten o'clock and the evidence shows it was not transmitted to Lebanon until nearly midnight, he made a prima facie case of negligence on the part of the company, and the burden was then upon it to show that its line was engaged or some other good reason existed that caused the long delay.

The defendant maintains that it had no night messenger at Lebanon, and therefore was not liable for failure to deliver the dispatch, notwithstanding it was sent at Springfield under an agreement that it was to be delivered before midnight. It is not necessary to pass upon this point, as a prompt delivery of the message after it reached Lebanon would have been a useless thing. According to the evidence, it was just thirteen minutes before midnight, and if the message had been handed to the plaintiff when he got off the train he could have carried it out to the addressee and delivered it within a reasonable time after it reached Lebanon. If the messenger had started promptly upon the receipt of the message to the home of the addressee and delivered the message, he most likely would have met the plaintiff on his return.

If the defendant is liable for the penalty prescribed by the statute, it is for failure to transmit the message, and not for failure to deliver it after it had reached Lebanon.

Appellant also insists that in as much as the evidence shows that the office at the depot was not the regular office in Springfield, that the statutory penalty does not apply for failure to transact business at that office. The statute plainly reads that it shall be the duty of the company at all its offices, etc. There is no exception and the courts are not authorized to write exceptions into the statute.

We are of the opinion that plaintiff's case is one

for the jury, but owing to the fact that his petition is defective for failing to allege that the company had an office in Springfield where the message was delivered, we will reverse the judgment and remand the cause, granting to the plaintiff the right to amend his petition. All concur.