H. B. HEWITT, Respondent, v. THE WESTERN UNION TELEGRAPH COMPANY, Appellant.

Kansas City Court of Appeals, May 19, 1913.

1. TELEGRAPH AND TELEPHONES: Messages: Delivery: Penalty. The plaintiff sued to recover damages for the failure of the defendant to transmit a telegram. The telegram was directed to a well-known business firm in Chicago and was delivered at the office of the defendant in Moberly, Missouri, and the charges prepaid. But the defendant never transmitted the same out of Moberly, Missouri. *Held*, that interstate messages are exempt from the operation of the penal statutes, but the breach of defendants' contractional duty having occurred in this State, a judgment for the plaintiff will not be disturbed.

2. ———: ———: Interstate. Interstate telegrams are exempt from the operation of the State penal statute which must be strictly construed and cannot be given extraterritorial effect.

3. ———: Penal Statute: Purpose. The purpose of a penal statute regarding telegrams is to stimulate such common carriers into the proper performance of their duties within this State, whether such duties relate to interstate or intrastate business, cannot be questioned and the Legislature has the authority to deal in this manner with interstate business.

4. ———: Duty: Reasonable Diligence. It is the duty of a telegraph company which receives a message for transmission, directed to an individual at one of its own stations, to deliver that message to the person to whom it is addressed, with reasonable diligence and in good faith. That is part of its contract, implied by taking the message and receiving payment therefor.

Appeal from Livingston Circuit Court.—*Hon. Arch. B. Davis,* Judge.

AFFIRMED.

*Fred S. Hudson* for appellant.

(1) Section 3330 above referred to is a penalty statute and by the numerous decisions of the appellate courts of this State, as well as the courts of other jurisdictions, all hold that it must receive strict construction and that no case must fall within it which does not come within the spirit and scope of the statute. Wagner v. Telegraph Co., 152 Mo. App. 369; Grant v. Telegraph Co., 154 Mo. App. 279; Edrington v. Telegraph Co., 115 Mo. App. 98; Moore v. Telegraph Co., 164 Mo. App. 165; Cowan v. Telegraph Co., 149 Mo. App. 407. (2) That plaintiff cannot recover on an interstate message has been repeatedly held by the decisions of courts of this state as well as in other jurisdictions, as this statute has no extra territorial jurisdiction. Connell v. Telegraph Co., 108 Mo. 459; Rixke v. Telegraph Co., 96 Mo. App. 406; Stanley v. Railroad, 100 Mo. 439.

*Karl Hirsch* and *Scott J. Miller* for respondent.

(1) Proof that a telegram was not received at the place to which it was addressed is evidence that the message was not started on its way to such place. Barrett v. Tel. Co., 42 Mo. App. 542. (2) A message directed from Missouri to another State is an interstate message when sent. It does not become an interstate message, within the meaning of the penalty until it is started from its initiative point. This question has been decided by the Kansas City Court of Appeals, and never has been overruled. Barrett v. Tel. Co., 42 Mo. App. 542; Tel. Co. v. Yopst, 118 Ind. 248; Bur-

nett v. Tel. Co., 39 Mo. App. 599; Woods v. Tel. Co., 59 Mo. App 236; Brashears v. Tel. Co., 45 Mo. App. 433; Taylor v. Tel. Co., 107 Mo. App. 108. (3) Where a delay in transmission is shown, if the company relies upon wire or other trouble as a defense, it must go further and show that it was not due to the fault of the company. Western Union v. Botts, 10 Tex. Civ. App. 540; Kiley v. Tel. Co., 16 N. E. 75. (4) And the burden is on the defense, when proof is made by plaintiff that the message was received and the tariff paid, and it was admitted that it was not received at the point of destination, the burden is upon the defendant to explain the delay. Tel. Co. v. Sircual, 103 Ind. 227. (5) And the same proofs as made in this case are held, by the Arkansas court, to be intentional on the part of the agent and a total disregard of his duty. Tel. Co. v. Davis, 41 Ark. 79.

JOHNSON, J.—Plaintiff, the sender of a telegram, brought this suit against the telegraph company to recover the penalty provided in section 3330, Revised Statutes 1909. The facts are uncontradicted that defendant received a message from plaintiff at its office in Moberly, that it was addressed to a well-known business firm in Chicago, Illinois, that plaintiff paid the fee demanded for its prompt transmission and delivery to the addressee and that it was not delivered.

The petition alleges that "defendant by its agents and servants wholly unmindful of its duty in the premises negligently and carelessly failed to transmit said message from Moberly, Missouri, where the same was delivered, although receiving the pay therefor, and said message never was delivered to the addressee in Chicago." Plaintiff prevailed in the circuit court and defendant appealed.

We construe the petition as alleging a cause of action arising from the failure of defendant to transmit the message from Moberly—to carry it out of this

State into Illinois—and not as seeking the infliction of the statutory penalty for a failure to deliver it to the addressee in Illinois. Proof that the message was not delivered is prima facie proof that it was not sent forth from Moberly. [Barrett v. Tel. Co., 42 Mo. App. 542.] And since defendant did not offer any excusatory or explanatory evidence we shall give conclusive effect to the prima facie case made by plaintiff and assume that defendant's breach of contractual duty occurred at Moberly.

But counsel for defendant insist that we are dealing with an interstate message and that such messages are exempt from the operation of this penal statute which must be strictly construed and cannot be given extraterritorial effect. [Citing Wagner v. Telegraph Co., 152 Mo. App. 369; Grant v. Telegraph Co., 154 Mo. App. 279; Eddington v. Telegraph Co., 115 Mo. App. 93; Moore v. Telegraph Co., 164 Mo. App. 165; Cowan v. Telegraph Co., 149 Mo. App. 407; Connell v. Telegraph Co., 108 Mo. 459; Rixke v. Telegraph Co., 96 Mo. App. 406.]

The cases in this State in which the penal statute has been held to have no application to an interstate message deal with instances where the alleged wrongful act of the company is charged to have occurred beyond the boundaries of this State, e. g., Connell v. Telegraph Company, supra, where the gist of the action was a failure of the defendant to deliver a message sent from this State into Kansas. Our attention has not been called to any decision in this State denying operative force to the statute in a case such as the present where the contract for the transmission and delivery of an interstate message was made and the breach thereof occurred in this State.

We concede that defendant was engaged in interstate commerce, that the contract related to an interstate message and that the penal statute in question cannot be extended to cover delinquencies occurring

beyond the borders of our State. But that the purpose of the statute is to stimulate such common carriers into the proper performance of their duties within this State, whether such duties relate to interstate or intrastate business, cannot be questioned and that the Legislature had authority to deal in this manner with interstate business is a proposition that has received the express sanction of the Supreme Court of the United States in the cases of Telegraph Co. v. James, 162 U. S. 650, and Telegraph Co. v. Crovo, 220 U. S. 364. In the first of these cases it is said:

"Is it a mere police regulation, that but incidentally affects commerce, such as Smith v. Alabama, 124 U. S. 465, and which, at any rate, would be valid until Congress should legislate upon the subject; or is it of such a nature, so extensive and national in character, that it could only be dealt with by Congress? We do not think it is the latter. It is not at all similar in its nature to the case above cited of Hall v. DeCuir,. 95 U. S. 485. In one sense it affects the transmission of interstate messages, because such transmission is not completed until the message is delivered to the person to whom it is addressed, or reasonable diligence employed to deliver it. But the statute can be fully carried out and obeyed without in any manner affecting the conduct of the company with regard to the performance of its duties in other States. It would not unfavorably affect or embarrass it in the course of its employment, and hence until Congress speaks upon the subject it would seem that such a statute must be valid. It is the duty of a telegraph company which receives a message for transmission, directed to an individual at one of its stations, to deliver that message to the person to whom it is addressed, with reasonable diligence and in good faith. That is a part of its contract, implied by taking the message and receiving payment therefor.

"The statute in question is of a nature that is in aid of the performance of a duty of the company that would exist in the absence of any such statute, and it is in nowise obstructive of its duty as a telegraph company. It imposes a penalty for the purpose of enforcing this general duty of the company. The direction that the delivery of the message shall be made with impartiality and in good faith and with due diligence is not an addition to the duty which it would owe in the absence of such a statute. Can it be said that the imposition of a penalty for the violation of a duty which the company owed. by the general law of the land is a regulation of or an obstruction to interstate commerce within the meaning of that clause of the Federal Constitution under discussion? We think not. No tax is laid upon any interstate message, nor is there any regulation of a nature calculated to at all embarrass, obstruct or impede the company in the full and fair performance of its duty as an interstate sender of messages."

In the Crovo case the proposition anounced for solution "is whether a statute of the State of Virginia which imposes a penalty for the failure to transmit a dispatch received at an office of the company in the State for transmission to a person in another State is a valid exercise of the power of the State, the delay occurring in the State." The question is answered in the affirmative and the reasoning in the James case is expressly approved.

We regard those cases as authoritatively holding that interstate messages are not exempt from the operation of such penal statutes and that in instances where the wrong has been committed in the State where the penalty is sought to be enforced the application of the statute cannot be said to be an interference with interstate commerce, nor to give extraterritorial effect to a State law.

The judgment is affirmed. All concur.